HORACE M. WOOLMAN, PLAINTIFF IN ERROR, V. MIL-
TON H. WIRTSBAUGH, DEFENDANT IN ERROR.

1. **False Representations:** DAMAGES: INSTRUCTIONS. In an action by a purchaser against a seller for falsely representing that the boundaries of land offered for sale included certain level land pointed out by the seller, it is the duty of the court to instruct the jury as to what constitutes the particular damages claimed in that case, and a general instruction, that if the jury find the plaintiff has sustained damages they may find a verdict in his favor, is calculated to mislead.

2. ———: MEASURE OF DAMAGES. Where real estate is purchased on the personal representations of the seller, and such representations are false as to the location of the property, the measure of damages is the difference in value between the property as represented, and as it actually is.

ERROR to the district court for York county. Tried below before NORVAL, J.

France & Harlan, for plaintiff in error, cited : Jackson v. Timmerman, 7 Wend., 436. Seward v. Jackson, 8 Cow., 406. Hilliard New Trials, Sec. 127. Williams v. Hartshorn. 30 Ala., 211. 3 Sutherland Damages, 578.

J. F. Hale and Scott & Gilbert, for defendant in error, cited : 3 Sutherland Damages, 592. Drew v. Beall, 62 Ill., 165.

MAXWELL, CH. J.

The defendant in error brought this action in the court below to recover of the plaintiff the sum of $500 damages, which, he alleged, he sustained by reason of false representations made in the sale of eighty acres of land in York county. The plaintiff was agent for one Elam G. Fay, who was the owner of the land so sold and conveyed to defendant, the sale being made in November, 1883. It is alleged in the petition that plaintiff in error represented that said eighty acre tract contained a strip of land, which, in reality, is situated on the west side of said land, and which strip of land contained twenty-four acres, and is a smooth and level piece of land, worth at least $500, and damages in that sum are claimed. The answer is a general denial. On the trial of the cause a verdict was returned in favor or Wirtsbaugh for the sum of $200, upon which judgment was rendered.

The testimony of Wirtsbaugh tends to show that Woolman pointed out the boundaries of the land in question to him, and that the western line so pointed out included 20 to 24 acres of smooth land, which was afterwards found not to be included in said 80 acre tract; while the testimony of Woolman is that he did not know the exact boundaries of the land, and so informed Wirtsbaugh, and that he pointed out what he supposed to be approximately the western boundary; that they had found the north-east corner of the land, and drove, as they supposed, to about the west line of the land, without knowing definitely where it was located, and that he so informed Wirtsbaugh.

The court instructed the jury that, "If you find from the evidence that the defendant Woolman at or prior to the time of the sale of the land in question told the plaintiff Wirtsbaugh he knew where the boundaries of said land were, and then represented to the plaintiff where the western boundary line of said land was, and that said repre-

sentation was false, and that the plaintiff then relied upon said representations, and was induced thereby to make the purchase of said land, and has sustained damages by means thereof, then you should find for the plaintiff."

This instruction is entirely too general in its statements, and left the jury without any guide as to the character of the alleged damages—if they found such to exist, for which they might award damages. *Wasson v. Palmer*, 13 Neb., 378. *Ballard v. State*, 19 Id., 619. The court, therefore, erred in giving the instruction.

The court also gave the following instruction: "If you find for the plaintiff, the measure of damages would be the difference, if any, between actual market value of the 80 acres of land conveyed at the time of the sale and the actual market value at that time and place of a like quantity (80 acres) of the average quality of the 104¾ acres."

This instruction is clearly erroneous and calculated to mislead the jury, as it left them at liberty to make the comparison of values upon an entirely different tract of land. In no event could the measure of damages exceed the difference in the value of the land as alleged to have been represented and as it actually is.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.