WALLACE & COMPANY, APPELLEE, v. FIRST NATIONAL BANK OF SUPERIOR ET AL., APPELLANTS.

FILED APRIL 12, 1918. No. 19970.

1. **Fraud: PETITION: SUFFICIENCY.** In an action for deceit, a petition alleging that plaintiff exchanged a promissory note, which it then owned, with defendants for a promissory note represented by defendants to be "gilt-edged" and amply secured by mortgage, that these representations were relied upon by plaintiff, that they were false, and the note received was without value, states a cause of action for the face value of the note received.

2. **Banks and Banking: AUTHORITY OF CASHIER: ESTOPPEL.** Where the cashier of a bank negotiates the sale of commercial paper under circumstances that indicate that he is acting for his bank, and receives in payment thereof a draft made payable to him as cashier, the bank will be estopped to deny that he was acting in its behalf.

3. **Evidence** examined, and *held* sufficient to sustain the judgment.

APPEAL from the district court for Nuckolls county: LESLIE G. HURD, JUDGE. *Affirmed.*

*H. H. Mauck* and *Bernard McNeny,* for appellants.

*R. M. Proudfit, contra.*

MORRISSEY, C. J.

This is an action brought against the First National Bank of Superior, its cashier, and its receiver, for alleged false representations made by the bank and its cashier in the sale of a note and mortgage. There was a trial to the court without a jury. Plaintiff had judgment, and defendants appeal.

The note was executed by the partnership of Bosserman & McAdams in favor of "A. C. Felt," the cashier of defendant bank. It was negotiated to plaintiff in exchange for a prior note made by the same parties. Attached to the note was an instrument purporting to be a first mortgage upon live stock. A duly recorded mortgage given by Bosserman & McAdams already existed upon these cattle in favor of the Kansas City Live Stock Commission Company, which subsequently exercised its rights thereunder, so that plaintiff derived no benefit from its security. The fact that plaintiff's collateral was not a first mortgage constituted the basis of the present action; the note itself being uncollectible because of the insolvency of the makers.

All of the above facts are set forth in the plaintiff's petition, which contains the further allegation that the insolvency existed at the time of the surrender of the previous note for the instrument involved in the present suit. Defendants interposed a general demurrer to the petition, and argue that plaintiff's pleading shows on its face that the transaction between plaintiff and defendants merely amounted to the exchange of one worthless note for another worthless note, and therefore no damage could result. The trial court overruled this demurrer, and this ruling constitutes the first assignment of error.

Plaintiff's action is founded in deceit. The question is not whether a financial loss has arisen out of the transaction by reason of a difference in the value of the things exchanged, but whether plaintiff received all that defendants' representations led him to believe he would receive. 12 R. C. L. p. 452, sec. 198; *Chapman v.*

*Bible*, 171 Mich. 663; *Woolman v. Wirtsbaugh*, 22 Neb. 490. Had the mortgage been a first lien, the note would have been worth its face value, or the amount sought to be recovered in the present suit, whereas under the circumstances it was absolutely worthless. The petition states a cause of action and the demurrer was properly overruled.

The second assignment of error is. that there was no competent evidence to show any transaction between plaintiff and the defendant bank. The note was one of a series of four given by Bosserman & McAdams and received by plaintiff in the course of, what it believed, a series of transactions with defendant bank. Plaintiff paid for the first of these notes by draft drawn in favor of "A. C. Felt, Cashier." The second, third and fourth notes were successively received in exchange for the surrender of the note immediately preceding, after such note had been sent to the defendant bank for collection. Each time a letter was received by plaintiff signed by "A. C. Felt, Cashier." These facts sufficiently connect defendant bank with the transaction.

Defendants' final contention is that there is "an utter failure of any competent proof" to show the existence of another prior mortgage. The proof offered consisted of the correspondence between the parties, the deposition of one Hale, an officer of the Kansas City Live Stock Commission Company which held the prior mortgage, a copy of the chattel mortgage from the files of Nuckolls county, and a stipulation as to certain shipments of cattle made by Bosserman & McAdams to the Kansas City Live Stock Commission Company. The admission of the chattel mortgage filed over proper objection may have been error, but, if so, it was error without prejudice. There was sufficient competent evidence in the record from which the court might find that such mortgage existed.

There is no error in the record, and the judgment is

AFFIRMED.

ROSE AND SEDGWICK, JJ., not sitting.