PHILETUS F. WALDRON ET AL., APPELLEES, V. JOHN D. MCBRIDE, APPELLANT.

FILED JUNE 22, 1907.    No. 14,871.

Pleading: CONSTRUCTION. The court will, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which does not affect the rights of the adverse party and appears not to have misled him to his prejudice.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. *Affirmed.*

*Samuel M. Chapman, Jefferis & Howell* and *Matthew Gering,* for appellant.

*R. D. Stearns, W. W. Towle* and *A. L. Tidd,* contra.

AMES, C.

McBride, as sheriff, levied an execution upon certain chattel property in possession of the judgment debtor Waldron. The latter began this action in replevin to recover possession of the property, alleged to be of the

value of $1,200. The sheriff answered, admitting the tak-
ing of the property and its alleged value, but justifying
under the execution and judgment. Reiter intervened,
alleging that he was the absolute owner of an undivided
one-third of the chattels taken, and that he had a special
property in the remaining undivided two-thirds by reason
of a chattel mortgage, a copy of which was annexed to and
made a part of his petition, and that the same was given
to secure a *bona fide* indebtedness of $733, which at the
beginning of the action was wholly due and unpaid, and
praying a judgment protecting his interest. No answer
or reply to the petition in intervention was filed by either
of the original parties to the suit. There was a trial
before the court and a jury, resulting in a verdict and
judgment awarding all the property to the intervener, from
which the sheriff appealed.

Upon the appeal it is expressly admitted by counsel, as
we understand their brief and argument, that the inter-
vener was proven to be the absolute owner of an undivided
one-third of the chattels as he had alleged, and it is not
denied that he was also proven to have been the owner at
the time of the trial of a valid and subsisting mortgage
lien upon the remaining two-thirds thereof for the sum
of $754.44, which exceeded their value; but it is com-
plained that the court erred in instructing a verdict for
the intervener, as it did, and that the verdict is erroneous
as respects the mortgage lien, because the petition of inter-
vention alleges that the intervener was by virtue of his
instrument an owner of a special property in, and entitled
to the immediate possession of, an undivided two-thirds
of the chattels in controversy at and before the time of
the beginning of the action, and omits to allege specifically
he remained so at the time of the filing of the petition.
The objection was not specifically made in the court below,
although there was a general demurrer *ore tenus,* and it
seems to us to be somewhat too technical to be at present
upheld. The flaw in the pleading, if it be one, seems to
have been due to inadvertence or a slip of the pen, and to

have been treated by the trial court and jury, as well as by counsel, as a sufficient allegation of a present subsisting interest or lien; and, there being nothing lacking or complained of in the evidence, we think the case falls within the provisions of section 145 of the code, which requires the court, in every stage of an action, to disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the adverse party. The variance does not, in the language of section 138 of the code, appear to "have actually misled the adverse party to his prejudice," and ought not to be permitted to be availed of to prolong for no useful purpose a litigation that has already reached a correct result.

We therefore recommend that the judgment of the district court be affirmed.

JACKSON and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.