OSCAR D. DICKINSON, APPELLEE, v. FRED J. H. LAWSON, APPELLANT.

FILED DECEMBER 13, 1933. No. 28649.

*Davis & Vogeltanz* and *Fred J. H. Lawson,* for appellant.

*Lanigan & Lanigan* and *A. L. Bishop, contra.*

Heard before GOOD and EBERLY, JJ., and MESSMORE, RAPER and YEAGER, District Judges.

EBERLY, J.

This is an action in tort. The amended petition, on which the case was tried, alleges in substance that on November 24, 1929, in the place of business of plaintiff at Spalding, Nebraska, an exchange was made by and between the plaintiff and defendant of a new Ford truck, then owned by the plaintiff, and "estimated to be of the value of $715," for a new Whippet car, then owned and offered for trade by the defendant "at an agreed valuation of $688" and the additional sum of $25 in cash paid by the defendant; that the exchange was completed by the delivery of the property and payment of the money involved; that at the time of the exchange the Whippet car was mortgaged, a fact which defendant knowingly, wilfully and fraudulently concealed; that plaintiff by reason thereof was subsequently compelled to and did pay the sum of $271.81 to secure the release of this mortgage, which sum constitutes the damage suffered by him occasioned by the wrongful concealment mentioned.

Defendant in his answer denies generally the allegations of the petition, but in substance admits that the plaintiff is engaged in the automobile and garage business at Spalding, Nebraska, and was so engaged on November 24, 1929; that on the day mentioned defendant accompanied one Charles E. Anderson to plaintiff's place of business; that an exchange of the Ford truck for the Whippet car was then and there made; defendant admits giving the check of $25 to plaintiff, but alleges that the same was a loan to Charles E. Anderson and at the latter's request was drawn payable to plaintiff, and was not paid to plaintiff by defendant as the difference in value in a trade between plaintiff and defendant; that the trade or exchange was in truth and in fact then and there made solely between said Charles E. Anderson and plaintiff, in which defendant had no part; and defendant expressly denies that he was then and there the owner of the Whippet car. These allegations were put in issue by reply. The cause was tried to a jury and at the conclusion of the evidence each

party moved for an instructed verdict. The district court thereupon withdrew the cause from the jury and entered judgment for plaintiff as prayed. Defendant thereupon presented his motion for a new trial, and, from the order of the trial court overruling the same, appeals.

In his original brief on appeal the appellant, who is herein referred to as defendant, assigns nine errors as "Relied on for Reversal." Three of these are predicated on the alleged insufficiency of the amended petition; four, in effect, challenge the sufficiency of the evidence to sustain the judgment; one charges that the trial court erred in not sustaining defendant's motion for a new trial; and the last error assigned is based on the refusal of the trial court on motion to make the amended petition more definite and certain by requiring the plaintiff to allege whether the defendant represented to the plaintiff that he was the owner of the Whippet car which the plaintiff traded for.

The defendant first contends that the amended petition upon which the case was tried is defective for want of necessary allegations relative to fraud, and that the district court erred in overruling his oral objection to the introduction of evidence on the ground that "the petition does not state facts sufficient to constitute a cause of action against the defendant." This objection was first tendered after the jury had been duly impaneled and after a witness had been sworn and the reception of testimony commenced.

A demurrer *ore tenus* is recognized by this court as permissible practice, and if the pleading to which it is addressed is totally defective, it is error to admit any evidence under such pleading. *Curtis & Co. v. Cutler,* 7 Neb. 315; *Ball v. LaClair,* 17 Neb. 39.

In the instant case the record discloses that no demurrer provided for by our Civil Code was tendered by the defendant, and the challenge to the sufficiency of the petition, upon which the defendant now relies, was first made as above set forth.

But the conclusion is quite obvious that "questions relating to the sufficiency of the petition should be determined before the cause comes on for trial before a jury." *Marvin v. Weider*, 31 Neb. 774.

This court is committed to the rule: "Where an objection that a petition does not state a cause of action is interposed for the first time during the trial of a cause or after verdict the pleading must be liberally construed, and, if possible, sustained." *Johnson v. Spencer*, 51 Neb. 198. See, also, *Peterson v. Hopewell*, 55 Neb. 670; *Fire Ass'n of Philadelphia v. Ruby*, 60 Neb. 216; *First Nat. Bank of Cobleskill v. Pennington*, 57 Neb. 404; *Parkins v. Missouri P. R. Co.*, 76 Neb. 242; *Welch v. Adams*, 87 Neb. 681; *Donovan v. Chitwood*, 116 Neb. 683; *Harnett v. Holdrege*, 5 Neb. (Unof.) 114.

In the application of the rule above quoted the petition or pleading so assailed will be construed liberally in the light of the entire record. *National Fire Ins. Co. v. Eastern Building & Loan Ass'n*, 63 Neb. 698; *Punteney-Mitchell Mfg. Co. v. Northwall Co.*, 66 Neb. 5.

And we have also said on this subject: "If the essential elements of plaintiff's case may be implied from its terms (the terms of the pleading assailed) by reasonable intendment, they will be regarded as alleged sufficiently." *Sorensen v. Sorensen*, 68 Neb. 483. See, also, *Dailey v. Burlington & M. R. R. Co.*, 58 Neb. 396; *Parker v. Omaha Packing Co.*, 85 Neb. 515, 517.

And even then the determinative test may finally be found in the application of the statutory rule that "The court in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." Comp. St. 1929, sec. 20-853. See, also, *Waldron v. McBride*, 79 Neb. 429; *Welch v. Adams*, 87 Neb. 681; *Fitzpatrick v. Hines*, 105 Neb. 134; *Bryan v. Manchester*, 111 Neb. 748.

A careful consideration of defendant's contention as to the sufficiency of the amended petition attacked, in the

light of the foregoing authorities, confirms the conclusion that the trial court committed no error in overruling the objection urged, and that we are required to now treat this pleading as ample and sufficient in all respects.

Preliminary to the discussion of the sufficiency of the evidence, the legal force and effect of five affidavits presented by the defendant in support of his motion for a new trial must be determined. The defendant apparently relies on these affidavits in his discussion of the sufficiency of the evidence to support the judgment entered. These affidavits are relevant, if at all, to a single ground of the motion for a new trial, viz.: "That the court should grant a new trial because of newly discovered evidence by the defendant, material to the defense of the defendant, which he could not, with reasonable diligence, have discovered and produced at the trial of said cause," etc.

These affidavits are: First, the affidavit of Charles E. Anderson, who was present with defendant when the exchange of the Ford truck for the Whippet car was made, and with whom, the record discloses, the defendant Lawson had a conversation in September, 1931, prior to the trial below, in reference to the present litigation, and said Anderson had been notified that his deposition was desired in the trial; second, the affidavit of Frank W. Blaha with whom the defendant Lawson had orally arranged for him to appear and testify in the district court at the expected trial, and that upon this case being reached for trial Lawson had the sheriff of Wheeler county endeavor to notify Blaha to appear and testify, as he had orally promised, but owing to the absence of Blaha from his place of business the sheriff was unable to communicate with him until after the termination of the suit; third, the affidavit of the county treasurer of Wheeler county as to the transfer of the Ford truck by plaintiff to Charles E. Anderson (a matter of public record) ; fourth, the affidavit of J. H. Jarvis as to the sale of one Whippet coach, model 96A, numbered 361179, by the Brandies Motor Company to the Pletcher Motor Company

on April 16, 1929; and, fifth, the affidavit of the defendant as to his failure to produce the evidence of Charles E. Anderson and Frank W. Blaha at the trial.

On the face of the showing it does not appear that the evidence of the two persons last referred to was in fact "newly discovered." On the contrary it fairly appears that the defendant knew the purport of this testimony prior to the trial date, had arranged for the presence of witness Blaha at that time and place and expected him to appear and testify. The same is true as to witness Anderson, except that defendant had planned to take his deposition. As to all absent witnesses the defendant has presented no sufficient showing of due diligence in securing their attendance at the trial. *Heady v. Fishburn*, 3 Neb. 263; *Todd v. City of Crete*, 79 Neb. 677.

Moreover, it appears to be the rule in this jurisdiction that if at the trial a needed witness is not present, or the evidence is not ready, one should ask for a postponement or continuance, because the absence of a subpœnaed witness is not in itself sufficient ground for a new trial where no delay or continuance is asked, since by voluntarily taking the hazard of a trial in the absence of witness or evidence the question of a new trial with respect to that particular matter is waived. The record before us does not show any application for a continuance on the ground of absent witness made by the defendant at or prior to the trial. *Kreamer v. Irwin*, 46 Neb. 827; *Van Etten v. Butt*, 32 Neb. 285; *City of Lincoln v. Staley*, 32 Neb. 63.

It follows that, in so far as based on the ground now being considered, the action of the trial court in overruling the motion for a new trial was correct, and is approved. It is also true that the statements contained in these affidavits are not competent save in connection with this one ground set forth in the motion for a new trial, heretofore quoted, and may not be considered in connection with the question of the sufficiency of the evidence to support the judgment.

The controlling question presented by this appeal is the sufficiency of the evidence to sustain the judgment of the trial court. In this case, a law action, in view of the manner of its submission, the determination of the trial judge on questions of disputed fact must be given the force and effect of a jury's verdict.

From the evidence adduced at the trial the following is, or may be, reasonably inferred: The plaintiff on November 24, 1929, was engaged in the automobile and garage business at Spalding, Nebraska. He was also engaged in selling Ford trucks, and then had one on display in his garage. On that day the defendant and one Charles E. Anderson appeared at plaintiff's place of business. There was brought with them a new Whippet automobile. On the arrival of the two men with the Whippet automobile, negotiations for a trade of this new Whippet automobile were commenced, which resulted in an exchange being effected on the basis of the "regular" selling price of the Ford truck ($713) and the like price of the Whippet automobile ($688) plus a $25 check drawn by defendant Lawson payable to the order of plaintiff and delivered to the latter on completion of this deal. There was also an immediate delivery of the Ford truck and the Whippet automobile by and to the respective parties as required by the terms of the agreement. It may be said in passing that this transaction between these parties, though for convenience to be referred to as an exchange, in truth and in fact constituted a "sale" within the terms of our uniform sales act enacted in 1921. As by it defined, "A sale of goods is an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price" (Comp. St. 1929, sec. 69-401) which "may be made payable in any personal property" (Comp. St. 1929, sec. 69-409). See Mariash, Sales, 217, sec. 87; 23 C. J. 185; *Bronner v. Van Cortlandt Vehicle Corporation*, 198 N. Y. Supp. 525; *Herring Motor Co. v. Aetna Trust & Savings Co.*, 87 Ind. App. 83; *Grace v. McDowell*, 60 Or. 577; *Selznick v. Holmes Pittsburgh*

*Automobile Co.,* 275 Pa. St. 1. And in a transaction completed prior to the enactment of our uniform sales act, involving essentially identical elements as appear in the one now under consideration, this court held the transaction to be "a sale, as distinguished from an exchange." *Gill v. Eagleton,* 108 Neb. 179.

It appears without contradiction that on the previous 5th day of September, 1929, in the actual presence of the defendant Lawson, an instalment note aggregating $465.36 and a chattel mortgage to secure the payment of this obligation covering the Whippet car involved in this deal had been executed by Charles E. Anderson to the Pletcher Motor Company. At the time of the execution of this chattel mortgage and note an assignment in writing transferring both instruments to the American Credit Corporation of Omaha was indorsed on the back of the chattel mortgage and, together with the instruments assigned, was delivered to the defendant Lawson, who appears to have in turn transmitted them to the assignee named. At least the chattel mortgage thus assigned was filed in the proper public office of Wheeler county on September 11, 1929. The evidence properly in the record supports the conclusion that the plaintiff was wholly ignorant of this incumbrance at the time the exchange of the motor vehicles was made on November 24, 1929. It also appears that Lawson said nothing about any existing chattel mortgage on the Whippet car while actively making this deal for the Ford truck. In turning over the Ford truck plaintiff admittedly gave full value for the Whippet car without deduction for or consideration of the chattel mortgage. Lawson, knowing the existence of this chattel mortgage on the Whippet car, actually made the deal on the basis of the full value of unincumbered property on both sides without disclosure of the actual situation. Some days later the plaintiff in the usual course of business sold this Whippet car to a customer. Still later the owner of the chattel mortgage lien made due demand, and the plaintiff's uncontradicted evidence is that he was compelled

to pay the sum of $271.81, the balance then due, to the American Credit Corporation of Omaha, the assignee named in the written assignment indorsed on the back of the chattel mortgage.

We are not required, under the facts in this record, to go into the subject of where the actual title to the Whippet car was vested when the exchange was made. From a careful reading of all the evidence before the trial court we are inclined to the view that Lawson was the real or equitable owner of the Whippet car, who exercised full control and dominion thereover in the transaction appearing in this record. At least, it cannot be denied that the exchange was made and accomplished through negotiations carried on by Lawson, either in his own behalf or in behalf of Anderson, which, due to the fact that he concealed the existence of an incumbrance which was then known to him, resulted in a loss to the plaintiff. Under these circumstances it can make no difference whether the ownership of the Whippet car was vested in Anderson or in defendant. In his then situation good conscience and fair dealing required Lawson to reveal what he failed to disclose. In addition, the uniform sales act in legal effect converts his guilty silence into his positive though implied affirmation that the Whippet car was then and there free from any charge or incumbrance in favor of any third person, not known to the plaintiff before or at the time the transaction was completed. Comp. St. 1929, sec. 69-413. The defendant as a party to this concealment must be responsible for the damages it caused. Indeed the peculiar circumstances of this transaction invoke the due application of the rule: If a party conceals a fact pertaining to an existing charge or incumbrance upon personal property, in the sale of which he is then engaged, and which is material to the transaction, and peculiarly within his own knowledge, knowing that the other party acts on the presumption that no such fact exists, it is as much of a fraud as if the existence of such fact were expressly denied, or the reverse thereof

expressly stated. *Thomas v. Murphy,* 87 Minn. 358; *Becker v. Bundy,* 177 Minn. 415; *Salmonson v. Horswill,* 39 S. Dak. 402; *Bullock v. Crutcher,* 180 S. W. (Tex. Civ. App.) 940; *King v. International Lumber Co.,* 156 Minn. 494; *The Kalfarli,* 277 Fed. 391, 400.

"Every person legally responsible is liable for a tort committed by him which is the proximate cause of an injury to another. One who contributes to a damage cannot escape liability because his proportional contribution to the result may not be accurately measured." 62 C. J. 1128.

As a general rule, one who counsels, advises, abets, or assists in the commission by another of an actionable wrong is responsible to the injured party for the entire loss or damage. While the mere presence of a person at the commission of a trespass or other wrongful act by another will not render him liable as a participant, yet proof that a person is present at the commission of a wrongful act, without disproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for a jury to infer that he aided and abetted the same. 62 C. J. 1129. See, also, *Brown v. Perkins,* 1 Allen (Mass.) 89; *Hilmes v. Stroebel,* 59 Wis. 74.

Indeed, if the trial court had concluded that Charles E. Anderson was the real owner of the Whippet car at the time of the exchange and the principal beneficiary of that transaction, the judgment appealed from would still find ample support in the evidence; for Anderson and Lawson were both present during the negotiations that led to the exchange. Both knew of the existing incumbrance on the Whippet car, and that the exchange was being negotiated by Lawson on the basis of unincumbered property, and both equally maintained silence. Anderson, when the exchange was consummated, knew what had preceded the deal, and must be deemed to have adopted the conduct of Lawson as the conduct of an agent. Both thereby became jointly and severally liable for the tres-

pass, the wrong perpetrated. Anderson is liable because "A principal who retains benefits derived from the fraudulent conduct of his agent is chargeable with the instrumentalities employed by the latter in carrying out the fraudulent purpose." *Dresher v. Becker,* 88 Neb. 619. See, also, *Tylee v. Illinois C. R. Co.,* 97 Neb. 646; *Jacobson v. Skinner Packing Co.,* 118 Neb. 711. Lawson is liable because of his active participation in accomplishing the deceit both Anderson and he intended. Comp. St. 1929, sec. 69-473.

It will be remembered that, in determining the liability for torts committed, "The degree of participation, however, does not affect the extent of liability, and all persons who command, instigate, promote, encourage, advise, countenance, cooperate in, aid, or abet the commission of a trespass by another are cotrespassers with the person committing the trespass, and are each liable as principals to the same extent and in the same manner as if they had performed the wrongful act themselves." 26 R. C. L. 766, sec. 15.

We are unable to agree with the contention of the defendant that plaintiff at the trial failed to establish by competent evidence the lawful payment to the legal owner of the note secured by the chattel mortgage of September 5, 1929, of the then unpaid balance. The evidence in the record, fairly construed, is to the contrary. But even if we are mistaken as to the force and effect of this testimony as to the payment made, defendant's proposition may not be entertained, for he nowhere challenges the fact that at the time the exchange in controversy was consummated there was an existing incumbrance on the Whippet car to the extent of at least $271.81. This, as a fact, is not questioned.

Under the special circumstances surrounding this transaction, in view of the terms of our uniform sales act, if this contract of exchange entered into is to be deemed a "double sales contract" wherein price of each article involved is "made payable in any personal property"

(Comp. St. 1929, sec. 69-409; 24 R. C. L. 182, sec. 454), and even if the defendant Lawson and his companion Anderson, or either of them, be deemed to have entered into an implied warranty to plaintiff, as a part of the transaction in suit, that the Whippet car was "free" at the time of the "trade" from any charge or incumbrance in favor of any third person not declared or known to plaintiff at the time the contract was made and consummated (Comp. St. 1929, sec. 69-413) still defendant's conclusion as to the necessity of payment of the incumbrance as a prerequisite to maintaining this particular action remains a *non sequitur*.

While ordinarily a suit on a warranty against incumbrances must be preceded by satisfaction of the incumbrance forming the basis of such proceeding, such payment may not be deemed a prerequisite here. The instant suit is not for a breach of warranty, either express or implied.

"Plaintiff's action is founded in deceit. The question is not whether a financial loss has arisen out of the transaction by reason of a difference in the value of the things exchanged, but whether plaintiff received all that defendants' representations led him to believe he would receive. 12 R. C. L. 452, sec. 198; *Chapman v. Bible*, 171 Mich. 663; *Woolman v. Wirtsbaugh*, 22 Neb. 490." *Wallace & Co. v. First Nat. Bank*, 102 Neb. 358.

The fact "that defendant, in order to induce a purchase made express warranties, does not compel the purchaser to sue on his contract of warranty instead of bringing action for damages for the fraud." 10 Standard Ency. of Procedure, 38. See, also, Comp. St. 1929, sec. 69-473.

In this jurisdiction we have approved the view that "An action of deceit is an action separate and distinct in its nature from an action for a breach of warranty and it will lie in cases where there is a warranty as well as where there is none." *Hitchcock v. Gothenburg Water Power & Irrigation Co.*, 4 Neb. (Unof.) 620.

The law as to the necessity of prior payment of an incumbrance as prerequisite to the maintenance of an

action for the damages occasioned thereby appears to be as follows:

"To impose liability on a grantor on his covenant of warranty or against incumbrances, it is as a general rule essential, in case a moneyed incumbrance exists, that the grantee pay off the incumbrance to entitle him to recover its amount. It is held otherwise, however, where the grantor is sought to be held liable on account of his fraudulent representation that there were no incumbrances on the land. In such a case, the purchaser may recover the amount of the incumbrance, without having suffered a foreclosure, ouster, or having paid it off, because he is to be considered presently damaged in the sum which the fraud of the vendor has made it inevitable he must pay to protect his property." 27 R. C. L. 385, sec. 87.

This constitutes the rule as to personal property transactions as well as those relating to real estate.

It follows that, in view of the facts in the instant case, the payment of the incumbrance on the Whippet car was not a prerequisite for the recovery of the unpaid amount thereon from the defendant.

The judgment entered by the district court is therefore correct, and is

AFFIRMED.