EDWARD A. GERARD ET AL., APPELLANTS, V. GRACE STEINBOCK ET AL., APPELLEES.

101 N. W. 2d 194

Filed February 26, 1960. No. 34711.

*William L. Walker* and *Earl Ludlam,* for appellants.

*John E. Dougherty,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, Edward A. Gerard, and five other named plaintiffs, two of whom were minors represented by their mother and next friend, filed a petition in the

district court for Fillmore County against defendants, Grace Steinbock, the daughter and sole and only heir of decedent, Frank J. Gerard, and Carl E. Schneider, the administrator of decedent's estate, seeking specific performance of a purported oral agreement between plaintiffs and decedent, which allegedly provided that upon his death plaintiffs would receive all of his property. In that connection, it is admitted in plaintiffs' petition that after appointment of Carl E. Schneider as administrator, a decree was rendered by the county court which adjudged that Grace Steinbock was the surviving daughter and the sole and only heir of decedent, which judgment was affirmed upon appeal to the district court. Also, plaintiffs' brief admits that on appeal therefrom to this court, the appeal was dismissed and that the judgment establishing that defendant, Grace Steinbock, was a daughter of decedent and his sole and only heir, has become final.

Defendant, Carl E. Schneider, as administrator of the estate of Frank J. Gerard, deceased, filed an answer, denying generally the allegations of plaintiffs' petition. Defendant Grace Steinbock filed an amended answer denying generally; alleging that the judgment determining that Grace Steinbock was the daughter and the sole and only heir of decedent was res judicata and binding on plaintiffs, each and all of whom participated in said cause; and that they were estopped to claim otherwise. Plaintiffs' reply to said answers was a general denial.

When the cause came on for trial, and after plaintiffs' first witness was sworn to testify, defendants demurred ore tenus to the introduction of any evidence upon the ground that plaintiffs' petition failed to allege a cause of action against defendants or either of them, and the trial court sustained such demurrer. Thereupon, plaintiffs refused to plead further and the court dismissed plaintiffs' action at costs of plaintiffs. Therefrom, plaintiffs appealed to this court, assigning that the

judgment was contrary to law and that the trial court erred in sustaining defendants' demurrer ore tenus and dismissing plaintiffs' action. Thus, the primary question presented here is whether or not plaintiffs' petition stated a cause of action against defendants or either of them. We conclude that it did not.

"A demurrer ore tenus is recognized by this court as permissible practice, and if the pleading to which it is addressed is totally defective it is error to admit any evidence under such pleading." State ex rel. Spillman v. Commercial State Bank, 143 Neb. 490, 10 N. W. 2d 268.

"The failure of a petition to state a cause of action may be challenged at any time during the pendency of the litigation." Federal Ins. Co. v. International Harvester Co., 164 Neb. 698, 83 N. W. 2d 382.

"A general demurrer admits all allegations of fact in the pleading to which it is addressed, which are issuable, relevant, material, and well pleaded; but does not admit the pleader's conclusions of law or fact." Freeman v. Elder, 158 Neb. 364, 63 N. W. 2d 327.

In 81 C. J. S., Specific Performance, § 128, p. 686, citing numerous authorities, it is said: "The plaintiff's pleading must show what the contract is which is to be performed, and must state accurately, clearly, and precisely all its essential terms; the bill or complaint must not show a contract which appears vague, uncertain, or ambiguous. * * * The terms of the contract must be set forth with such particularity that specific performance may be decreed."

In O'Neal v. First Trust Co., 160 Neb. 469, 70 N. W. 2d 466, we reaffirmed the nature of and the law applicable to and controlling in the trial of cases comparable with that at bar. Therein, we held that: "Where one is claiming the estate of a deceased person under an alleged oral contract, the evidence of such contract and the terms of it must be clear, satisfactory, and unequivocal.

"Such contracts are on their face void as within the

statute of frauds, because not in writing, and, even though proved by clear and satisfactory evidence, they are not enforceable unless there has been such performance as the law requires.

"The thing done, constituting performance, must be such as is referable solely to the contract sought to be enforced, and not such as might be referable to some other and different contract—something that the claimant would not have done unless on account of the agreement and with the direct view to its performance —so that nonperformance by the other party would amount to fraud upon him.

"The burden in the light of these rules has devolved upon the plaintiffs to prove (1) an oral contract the terms of which are clear, satisfactory, and unequivocal, and (2) that his acts constituting performance were such as were referable solely to the contract sought to be enforced, and not such as might have been referable to some other or different contract.

"Each case is to be determined from the facts, circumstances, and conditions as presented therein."

In the light of such rules, we have examined plaintiffs' petition. It is of great length and we can only summarize its material allegations. Plaintiffs herein were Edward A. Gerard, a brother of decedent, and Edward A. Gerard's five named children who were nieces and nephews of decedent. After alleging formal matters relating to the death of decedent and the character of his estate, plaintiffs alleged that they were always close to decedent, who worked in Guam and died there on July 4, 1956, when he was 58 years of age; that decedent visited and stayed with plaintiffs on several unspecified occasions when he returned home temporarily during his lifetime; that he had great love and affection for all of plaintiffs; that he knew and realized that plaintiffs were a large family and needed financial assistance; and that he stated on several occasions, the exact times unknown, that plaintiffs would

receive all of his property at the time of his death if they would look after him in his ill health and old age should such occur after his retirement. However, we find no allegations pleading such a definite and certain contract to will, give, or devise all of decedent's property to plaintiffs upon his death, as the law requires. Rather, the allegations with regard thereto are so vague, equivocal, uncertain, and ambiguous that the remedy of specific performance cannot be based thereon. We find only general allegations of what decedent said he intended to do with his estate upon his death, because of his love and affection for and his knowledge of the financial needs of the plaintiffs. The substance of plaintiffs' allegations is simply that upon several occasions, the exact times unknown, decedent told plaintiffs that when he retired, which never occurred before his death, he would be alone and might need someone to look after him in ill health and old age, and if plaintiffs would so care for him, they would receive all of his property on the date of his death, and he would fix it so that others would share no part of it, but after diligent investigation and inquiry, plaintiffs had been unable to find any will doing so.

The specific allegations of performance were in substance that decedent visited and stayed with plaintiffs and they made him comfortable on several unspecified occasions when he returned home temporarily from Guam; that when decedent later became ill in Guam, plaintiff, Edward A. Gerard, carried on a correspondence with the hospital and decedent's employer, inquiring about decedent's health and physical condition; that said plaintiff made arrangements after decedent's death for the return of decedent's body from Guam and its burial at Geneva, Nebraska; and that he then handled all necessary business in connection with decedent and fully performed said contract until an administrator was appointed for decedent's estate, who then took possession of the assets thereof. Such alleged performance

would not be performance of or referable solely to plaintiffs' purported contract, but was simply something that plaintiffs, as near relatives, would generally and naturally have done without any contract. Plaintiffs, relying upon Peters v. Wilks, 151 Neb. 861, 39 N. W. 2d 793, argued that defendants, having filed only a general denial, could not rely upon nonperformance, and they thereby pleaded no such defense, which required the trial court to determine the issues by a trial on the merits. In doing so, plaintiffs assumed not only that they had sufficiently pleaded an oral contract, which they did not do, but also that plaintiffs had pleaded performance in only general terms as distinguished from specific, which is not the fact. In that connection, Peters v. Wilks, *supra,* was distinguished in O'Neal v. First Trust Co., *supra,* which is applicable and controlling here. Plaintiffs' contention has no merit.

We conclude that plaintiffs' petition did not state a cause of action for specific performance, and that the judgment of the trial court should be and hereby is affirmed. All costs are taxed to plaintiffs.

AFFIRMED.