WILLIAM E. GIBBS, APPELLEE, v. LARRY C. JOHNS, DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, APPELLANT.

163 N. W. 2d 110

Filed December 6, 1968. No. 36979.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellant.

Vincent J. Kirby, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and SCHMIDT, District Judge.

BOSLAUGH, J.

The plaintiff's license to operate a motor vehicle was revoked by the Director of Motor Vehicles after notice and hearing under the Implied Consent Act. § 39-727.09, R. R. S. 1943. The plaintiff perfected an appeal to the district court and filed a petition alleging that the action of the director was "arbitrary and contrary to law" and, therefore, void.

The defendant director filed a general denial, and at the trial objected to the introduction of any evidence on the ground that the petition failed to state a cause of action. The objection was overruled and the trial proceeded. The plaintiff testified in his own behalf. The defendant offered no evidence. The trial court found generally for the plaintiff and vacated the order of the director. The defendant's motion for new trial was overruled and he has appealed. The only question presented is the sufficiency of the petition.

The proceeding before the director is administrative in nature, but an appeal to the district court to review the action of the director is a judicial proceeding. The statute requires the appellant to file a petition in the district court and provides that the district court shall hear the appeal as in equity and determine anew all questions raised before the director. § 60-420, R. R. S. 1943.

The failure of a petition to state a cause of action may be challenged at any time during the pendency of the litigation. Gerard v. Steinbock, 169 Neb. 828, 101 N. W. 2d 194. An objection to the introduction of any evidence on the ground that the petition fails to state a cause of action is a recognized practice in this state; and if the petition is totally defective, the objection should be sustained. Gerard v. Steinbock, *supra.*

Where the objection is not made until after the trial has commenced, the petition will be. liberally construed and sustained if possible. Welch v. Adams, 87 Neb. 681, 127 N. W. 1064; Elvidge v. Brant, 131 Neb. 1, 267 N. W.

169. The petition will be liberally construed in the light of the entire record; and if the essential elements of the plaintiff's case may be implied from the petition by reasonable intendment, it will be held sufficient. Dickinson v. Lawson, 125 Neb. 646, 251 N. W. 656; Bradway v. Higgins, 152 Neb. 724, 42 N. W. 2d 627; Goger v. Voecks, 156 Neb. 696, 57 N. W. 2d 621. Any error or defect in the pleadings which does not affect the substantial rights of the adverse party must be disregarded. § 25-853, R. R. S. 1943; Dickinson v. Lawson, *supra*.

The difficulty in this case is that the petition alleged no facts to show why the action of the director was arbitrary. Counsel for the plaintiff stated to the trial court that the transcript of the proceedings before the director, which was filed with the petition, had been made a part of the petition, but the petition contains no reference to the transcript.

This court is of the opinion that the petition was totally defective and that the defendant's objection should have been sustained. The judgment is reversed and the cause remanded with directions to grant the plaintiff leave to amend.

REVERSED AND REMANDED WITH DIRECTIONS.