CONTOIS MOTOR COMPANY, APPELLEE, V.
DUANE SALTZ, APPELLANT.

253 N. W. 2d 290

Filed May 11, 1977. No. 40891.

Richard L. Spittler of Mueting, DeLay & Spittler, for appellant.

James J. McNally, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

In February 1972, Contois Motor Company, plaintiff and appellee herein, filed a petition in the District Court for Holt County alleging that it was entitled to a deficiency judgment from Duane Saltz, the

defendant and appellant herein, after repossession and resale of an automobile which was collateral security on a promissory note executed by the defendant in favor of the plaintiff. Although a default judgment was initially entered in favor of the plaintiff, it was subsequently set aside, and the case proceeded to trial before the District Judge, sitting without a jury. The trial court found in favor of the plaintiff, and awarded it a deficiency judgment with interest thereon. The defendant's motion for a new trial was overruled, and he has now appealed to this court. We affirm the judgment of the District Court.

The relevant facts pertinent to this appeal are as follows. In its petition plaintiff alleged that the defendant executed an installment note and security agreement in favor of the plaintiff on July 27, 1971, to secure payment of the purchase price of a new automobile sold by the plaintiff to the defendant; that the defendant failed to make payments on the note and that the automobile was repossessed in October 1971; that the vehicle had been resold by plaintiff for an amount less than the balance due on defendant's contract; that repairs had been required to place the automobile in saleable condition; and that plaintiff made repeated demands upon defendant for payment on the note, but that the defendant had refused to make payment thereon. The plaintiff prayed for a deficiency judgment against the defendant, setting forth specific amounts allegedly owed by the defendant for the balance due on the note, the repair work, and interest.

In his amended answer, the defendant denied the allegations of the petition. In the part of the answer relevant to this appeal, the defendant alleged that "on or about December, 1971, plaintiff, without defendant's knowledge, permission or consent, sold defendant's said automobile to a third party. That defendant had no knowledge of plaintiff's intent or ac-

tion of repossession prior to the time said automobile was sold to a third party; that defendant had no notice or knowledge of the sale of said automobile and never consented thereto; that no accounting of said sale was ever made by plaintiff to defendant, all in violation of Section 9-504(2) and (3), U. C. C." In its reply to the answer, plaintiff denied all allegations other than those which stated that an installment note and security agreement had been executed by the defendant in favor of the plaintiff.

The defendant also filed a request for admissions. Defendant requested that plaintiff admit that it sold the repossessed automobile at a private sale on or about December 18, 1971; and that no notice was given by the plaintiff to the defendant of the private sale prior to completion of that sale. In its answer to the request for admissions, plaintiff admitted selling the automobile at a private sale on or about December 18, 1971; but specifically denied that no notice was given by it to the defendant of the private sale prior to the completion of the sale.

Finally, in reference to pretrial proceedings in this case, the defendant filed two motions for summary judgment. In each the defendant prayed that plaintiff's petition be dismissed "for the reason that the Pleadings, Request for Admissions, Answer to Request for Admissions, and the Affidavit attached hereto, * * * show that Defendant is entitled to Judgment as a matter of law." The trial court overruled both motions, finding that there was a dispute and an issue of fact to be resolved as to whether there was notice given to the defendant in reference to the sale of the automobile by the plaintiff.

The evidence adduced at trial showed that the defendant had executed an installment note and security agreement in favor of the defendant on the purchase of a new automobile in July 1971; that he had defaulted on the note; that plaintiff obtained possession of the car in October 1971, after the de-

fault; and that one of its salesmen resold the car to an individual on about December 18, 1971. The defendant does not dispute these facts on appeal. An employee of the plaintiff testified that on November 18, 1971, he had sent the defendant, by certified mail, a form notice stating that if the defendant did not pay the amount due on his contract within 10 days, the car would be sold at private sale. The plaintiff did not retain a copy of the notice, but did offer into evidence a postal receipt, dated November 18, 1971, showing that plaintiff had sent a certified letter to defendant on that date. At the time this receipt was offered into evidence, counsel for the defendant objected to any testimony regarding the issue of whether notice had been sent to the defendant, stating: "Then, Your Honor, I would object to any testimony regarding this notice being sent and ask the Court to strike the testimony regarding the same. It is irrelevant, immaterial, and certainly not the best evidence." The trial court overruled the objection and admitted the postal receipt into evidence.

The local postmaster also testified and produced records which showed that a certified letter had been sent to the defendant by the plaintiff on November 18, 1971. The postal records showed that the defendant's wife had picked up the letter from the post office and signed a receipt for it. The defendant's counsel objected to admission of the postal records on the ground they were irrelevant and immaterial, and the trial court overruled this objection. Also admitted into evidence was a copy of a form notice which plaintiff's employee testified was like the one he sent to the defendant.

At the conclusion of plaintiff's case, the defendant addressed the court as follows: "Comes now the defendant, Your Honor, and first off, would demurrer (sic) to plaintiff's petition ore tenus in that no where in the defendant's (sic) petition has he alleged compliance with the Uniform Commercial Code, which

provides that a condition precedent to any private sale, notice thereof must be given of the time and place, and that is not alleged anywhere in the plaintiff's petition or amended petition, * * *.'' In the alternative, the defendant moved for a directed verdict on the ground that there was no evidence that the plaintiff gave the defendant "any notice of the time of this public — this private sale." The trial court, stating that it was going to construe the pleadings broadly, overruled the demurrer ore tenus, and also overruled the motion for directed verdict on the ground that plaintiff had adduced some evidence that notice had been sent to the defendant.

In presenting his defense, the defendant testified that he had in fact received a certified letter on November 18, 1971, from the plaintiff. He stated, however, that no notice of the contemplated repossession sale of the car was included in this letter. Defendant stated that the letter included only a notice that there may be a factory defect in his car, and that he should have the relevant part of the car checked to see if it contained the defect. The defendant denied receiving any notice of the repossession sale.

The defendant's wife, however, acknowledged that she had picked up the certified letter from the plaintiff at the post office, and admitted that enclosed in the letter was a form notice like that which plaintiff's employee testified he had sent to the defendant. The defendant's wife also admitted that the form was filled out.

At the conclusion of the evidence, the trial court found in favor of the plaintiff, and awarded it a deficiency judgment, with interest thereon, under a computation not disputed in this appeal. The defendant's motion for new trial on the grounds that the judgment was not sustained by the evidence and contrary to law was overruled.

In his assignments of error, the defendant con-

tends that the trial court erred in allowing evidence of the notice of the repossession sale to be introduced into evidence when that issue was not before the court by the pleadings; and in not granting his demurrer ore tenus or his motion for a directed verdict. Defendant also contends that the trial court erred in not properly applying the appropriate provisions of the Uniform Commercial Code.

The defendant's primary contention is that it was error for the trial court to allow evidence that plaintiff sent defendant notice of the repossession sale when plaintiff did not specifically allege that fact in its petition. Defendant relies on cases such as Timmerman v. Hertz, 195 Neb. 237, 238 N. W. 2d 220 (1976), in which this court stated that the right to introduce evidence depends upon there being an issue of fact as to which it is relevant; that the issues are made by the pleadings; and that where there is no issue of fact before the court, there is no right to introduce evidence to prove or disprove the fact. In this case, the defendant himself in his answer raised the issue of whether proper notice had been sent to him. The plaintiff in its reply denied that no notice had been sent. The trial court denied summary judgment on the ground that an issue of fact had been raised as to whether notice had been sent. Under such circumstances, defendant's claim that plaintiff had no right to introduce evidence on the issue of notice is without merit. The pleadings clearly raised that issue, and it was not error for the trial court to permit evidence on the matter.

Related to defendant's contention that no evidence should have been permitted in regard to the issue of notice of the repossession sale is his claim that the trial court erred in overruling his demurrer ore tenus. The defendant relies on Bank of Gering v. Glover, 192 Neb. 575, 223 N. W. 2d 56 (1974), and De-Lay First Nat. Bank & Trust Co. v. Jacobson Appliance Co., 196 Neb. 398, 243 N. W. 2d 745 (1976), in

which we held that compliance with the notice provisions of section 9-504, U. C. C., is a condition precedent to obtaining a deficiency judgment when security collateral is repossessed and resold; and that the burden is on the party seeking the deficiency judgment to prove such compliance. Defendant contends that plaintiff's failure to specifically allege proper notice of the repossession sale had been sent to him renders the petition defective, and that the trial court therefore erred in overruling his demurrer ore tenus. We adhere to our prior holdings that a person seeking a deficiency judgment must prove compliance with the notice provisions of section 9-504, U. C. C., and agree with defendant's contention that a plaintiff seeking a deficiency judgment should allege in his petition that proper notice has been given. Under the facts of this case, however, and for the reasons given below, it was not error in this case for the trial court to overrule defendant's demurrer ore tenus.

A demurrer ore tenus is recognized by this court as a permissible practice, and if the pleading to which it is addressed is totally defective, it is error to admit any evidence under such pleading. Gerard v. Steinbock, 169 Neb. 828, 101 N. W. 2d 194 (1960); State ex rel. Spillman v. Commercial State Bank of Omaha, 143 Neb. 490, 10 N. W. 2d 268 (1943); Dickinson v. Lawson, 125 Neb. 646, 251 N. W. 656 (1933). It is also the rule that failure of a petition to state a cause of action may be challenged at any time during the pendency of the litigation, and that an objection to the introduction of any evidence on the ground that the petition fails to state a cause of action is proper, and if the petition is totally defective, the objection should be sustained. Gibbs v. Johns, 183 Neb. 618, 163 N. W. 2d 110 (1968).

It is also the rule, however, that questions relating to the sufficiency of the petition should be determined before the cause comes on for trial, and

where an objection that a petition does not state a cause of action is interposed for the first time during the trial of a cause or after verdict, the pleading must be liberally construed in light of the entire record, and, if possible, sustained. Dickinson v. Lawson, *supra;* Gibbs v. Johns, *supra.* Those cases provide that any error or defect in the pleadings which does not affect the substantial rights of the adverse party must be disregarded. See § 25-853, R. R. S. 1943.

In this case the defendant did not file a demurrer to the petition before trial. He alleged in his answer that no notice had been sent to him, and plaintiff denied this allegation in its reply, and in its response to defendant's request for admissions. The defendant did not demur ore tenus until after the plaintiff had rested, and objected to evidence regarding notice at the time it was offered by plaintiff only on the grounds that it was irrelevant, immaterial, and not the best evidence. In accordance with the principles set forth above, the trial court was correct in broadly construing the pleading attacked by the demurrer ore tenus in light of the entire record. Although the petition as filed did not specifically allege that the defendant had been given notice, that issue was injected into the case by defendant's answer, and by plaintiff's denial in its reply, that no notice had been sent. The case was unquestionably tried on the issue of whether notice had been given the defendant, and in fact, summary judgment was denied for the reason that an issue as to notice had been raised by the pleadings. Under the particular facts presented in this case, we conclude that the trial court was correct in overruling defendant's demurrer ore tenus. In this case, any technical defect in the petition did not affect the substantial rights of the defendant, and must be disregarded.

Defendant next contends that the notice of the repossession sale sent to him in this case was not rea-

sonable as required by section 9-504(3), U. C. C. That section provides that "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor * * *." Defendant contends that the notice given in this case was of a private sale, but that the automobile was sold at a public sale. Defendant relies on DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co., *supra,* in which this court stated that a creditor who uses a private sale form for public sales violates section 9-504(3), U. C. C.

The notice which the evidence showed was sent to the defendant in this case provided that unless the defendant paid the amount due under his contract, including expenses of repossession and delinquency charges within 10 days after the date of the notice, the car would be sold at private sale thereafter. It is clear that this notice was one of a private sale. In contending that the sale made was a public sale, defendant relies on the testimony of an employee of the plaintiff, who responded affirmatively when asked if the car was "available for public sale to anyone" after it had been repaired by the plaintiff. An examination of the entire testimony of this witness indicates that the defendant has taken this one sentence out of context, and places undue reliance on it.

Although in some instances the manner in which repossessed collateral is sold raises questions as to whether the sale is public or private, a distinguishing characteristic of a public sale is competitive bidding between prospective purchasers. See White & Summers, Uniform Commercial Code, § 26-11, p. 993 (1972). In this case, the evidence indicates that the automobile was repaired by the plaintiff and placed on its lot for sale in the ordinary course of its business as an automobile dealer. The car was sold to an individual in the normal course of plaintiff's busi-

ness, the buyer trading in his old automobile. The testimony of witnesses, read as a whole, indicates that the sale was a private one, and not one made at an auction or under sealed bids where there was competitive bidding. Although an employee of the plaintiff stated that the automobile was available for public inspection and for public sale to anyone, the context of these statements indicates that the witness was referring to the fact that the vehicle was on plaintiff's lot, and was available to any interested purchaser who wished to negotiate a contract for its sale and purchase. We conclude that the sale was a private sale, and the only notice required under section 9-504(3), U. C. C., was notice of the time after which the collateral was to be sold. DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co., *supra*. Such notice was given in this case, and the notice given was reasonable, as required by section 9-504(3).

Finally, defendant contends that it was error for the trial court to overrule his motion for a directed verdict, which he made at the close of plaintiff's evidence, on the ground that plaintiff's evidence did not show that notice of the time of the repossession sale had been given to the defendant. As previously noted, the sale was a private sale, and the notice required by section 9-504(3), U. C. C., does not include notice of the time of the private sale, but only the date after which the repossessed collateral will be sold at private sale. Plaintiff's evidence did show that the required notice had been sent to the defendant, and therefore it was not error to overrule the motion for a directed verdict.

The defendant's contentions in this appeal are without merit, and we therefore affirm the judgment of the District Court.

AFFIRMED.