NEWMAN GROVE CREAMERY COMPANY, APPELLEE, V.
HOWARD DEAVER ET AL., APPELLANTS.

302 N.W.2d 697

Filed February 27, 1981. No. 43225.

Crosby, Guenzel, Davis, Kessner & Kuester and James F. Brogan for appellants.

Vince Kirby for appellee.

Heard before KRIVOSHA, C.J., McCOWN, WHITE, and HASTINGS, JJ., and MURPHY, District Judge.

HASTINGS, J.

The plaintiff, Newman Grove Creamery Company (Creamery), brought suit against Howard Deaver and Betty Deaver for recovery on a promissory note in the principal amount of $15,948.11. The District

Court for Madison County, without a jury, granted judgment against the Deavers in the amount of the note, together with costs of the action. The Deavers appeal, assigning as error: (1) That the court erred in finding that no consideration is necessary for an instrument or obligation given for an antecedent debt owed by a third person; and (2) That the court erred in sustaining the plaintiff's demurrer ore tenus as to the defendants' answer alleging duress in the execution of the note. We affirm in part, and in part reverse the judgment of the trial court.

Howard Deaver was employed as manager of the plaintiff Creamery, during which time credit was extended to his son, Scott Deaver, for products purchased from the Creamery. On or about November 15, 1977, Howard and Betty Deaver executed a blank promissory note to the Creamery. The blanks were filled in sometime later by Harold Conford, chairman of the board of the Creamery, in the amount of $15,948.11. That amount was the approximate balance of the account owed by Scott as of November 30, 1977. In defendants' answer to the petition, they alleged that there was no consideration given for the execution of the note, as well as that the note was signed under duress.

A pretrial order was filed on November 9, 1979, which stated: "All pre-trial motions concerning amendment of pleadings and all motions in limine shall be filed and noticed for hearing and heard before the Court at least ten days prior to trial." Trial was held on December 4, 1979. The plaintiff offered the note in evidence, as well as parts of the pretrial stipulation, and rested. The plaintiff then demurred ore tenus to the defendants' answer, for the reason that it failed to state facts which constituted an affirmative defense to the action. The court sustained the demurrer ore tenus so far as it concerned the defense of duress. However, the court overruled the demurrer as it related to the question of consideration. The trial then

proceeded on the issue of consideration.

The first assignment of error concerns the finding by the trial court that no consideration is necessary for an instrument or obligation given for an antecedent debt owed by a third person. Neb. U.C.C. § 3-408 (Reissue 1971) states in part: "Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (section 3-305), *except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind.*" (Emphasis supplied.) The comments to that code section state that the "except" clause includes a debt owed by a third person. We recognized this exception in *First Nat. Bank of Omaha v. Kizzier*, 202 Neb. 369, 275 N.W.2d 600 (1979), by declaring that no consideration is necessary for an instrument given as security for a debt already owed by the party giving it or by a third person.

The appellants argue that the comment which refers to an antecedent debt of a *third person* goes beyond the words of the code section and should not be given effect. The appellants cite no authority for this proposition, nor have we found any. On the contrary, the case law uniformly gives effect to the comments, in holding that an antecedent debt by a third person is a good substitute for consideration.

"The comments to UCC 3-408 indicate that the drafters intended the words 'an antecedent obligation of any kind' to include the antecedent debt of a third party . . . ." *Musulin v. Woodtek, Inc.*, 260 Or. 576, 579, 491 P.2d 1173, 1175 (1971). That case was followed in *First National Bank of Elgin v. Achilli*, 14 Ill. App. 3d 1, 301 N.E. 2d 739 (1973), which states that a note signed as security for an antecedent claim or debt needs no consideration, even though the note is signed by a third party. See, also, *Kitzer v. Kitzer*, 20 Ill. App. 3d 54, 312 N.E.2d 699 (1974); *First Nat. Bank of Jackson v. Carver*, 375 So. 2d 1198 (Miss. 1979); *Dauzat*

*v. Bordelon,* 145 So. 2d 41 (La. App. 1962); *Paige v. Mesisco,* 144 So. 2d 908 (La. App. 1962).

The trial court was correct in holding that no consideration is necessary where the note was given as security for the antecedent debt of a third person. The first assignment of error has no merit.

The second assignment of error concerns the sustaining of the demurrer ore tenus as to the defendants' allegations of duress. It has been well established that a demurrer ore tenus is a permissible practice; and if a pleading to which it is addressed is totally defective, it is error to admit any evidence under such pleading. *Dickinson v. Lawson,* 125 Neb. 646, 251 N.W. 656 (1933).

The pleading attacked by the plaintiff was paragraph three of defendants' answer: "3. Defendants specifically deny that any consideration was given for the execution of said note and allege that said note was signed under duress." No other facts were pleaded to support either of those allegations. To this answer the plaintiff, rather than moving to make the answer more definite or filing a demurrer to the same, filed a reply in the nature of a general denial.

At the trial, following plaintiff's rest and before the defendants called any witnesses, the plaintiff demurred ore tenus. The trial court overruled the demurrer as to the allegation of lack of consideration, but sustained it as to the claim of duress. Defendants' counsel made no attempt to adduce any evidence supporting such latter allegation, although in describing a conversation had with the chairman of the board of the plaintiff company, the defendant Howard Deaver did testify without objection that "Harold [the chairman] told me that he would fire me if I didn't sign the note."

When signatures on an instrument are admitted, as was done here, the production of the instrument entitles a holder to recover on it unless the defendant establishes a defense. Neb. U.C.C. § 3-307 (Reissue

1971). Such a defense must be affirmatively pleaded. *Center Bank v. Mid-Continent Meats, Inc.*, 194 Neb. 665, 234 N.W.2d 902 (1975).

"Under the Nebraska system of code pleading, the plaintiff is required to plead the facts, not the theory of recovery." *Remington v. Bryan*, 205 Neb. 372, 380, 288 N.W.2d 253, 258 (1980). "The pleading of legal conclusions is insufficient to raise an issue of fact." *Timmerman v. Hertz*, 195 Neb. 237, 244-45, 238 N.W.2d 220, 225 (1976).

However, the appellants argue that the demurrer ore tenus was not timely and therefore should not have been sustained. The trial court had entered a pretrial order requiring all motions concerning amendment of pleadings and all motions in limine to be filed, noticed for hearing, and heard before the court at least 10 days prior to trial. It has long been the rule in this jurisdiction that questions relating to the sufficiency of the petition should be determined before the cause comes on for trial. *Contois Motor Co. v. Saltz*, 198 Neb. 455, 253 N.W.2d 290 (1977). "[W]here an objection that a petition does not state a cause of action is interposed for the first time during the trial of a cause or after verdict, the pleading must be liberally construed in light of the entire record, and, if possible, sustained." *Id.* at 462, 253 N.W.2d at 294. The petition will be liberally construed in the light of the entire record; and if the essential elements of the plaintiff's case may be inferred from the petition by reasonable intendment, it will be held sufficient. *Gibbs v. Johns*, 183 Neb. 618, 163 N.W.2d 110 (1968).

Generally, a demurrer ore tenus is considered as an objection to the introduction of evidence, rather than a pleading. Therefore, it may be doubtful that it was included within the court's order requiring the filing of motions 10 days prior to trial. It is also true that at least since 1878 it has been the rule in Nebraska that an objection to the admission of evidence on the ground that a petition does not state a cause of action may

be made at any time during trial. *Curtis & Co. v. Cutler*, 7 Neb. 315 (1878). We might note in passing, however, that the case of *Van Housen v. Broehl*, 59 Neb. 48, 80 N.W. 260 (1899), suggests that where two or more defenses are raised in an answer, a general demurrer will be overruled where at least one of the defenses is well pleaded.

Be that as it may, we agree with the Michigan Court of Appeals that "[a] pretrial conference is conducted before trial in order to simplify and to narrow the issues of the case and to *avoid traps and surprises.*" (Emphasis supplied.) *Jamison v. Lloyd*, 51 Mich. App. 570, 573, 215 N.W.2d 763, 764 (1974). Somewhat amplifying that statement is the following from *State Highway Comm. v. Redmon*, 42 Mich. App. 642, 646, 202 N.W.2d 527, 529 (1972): "[C]ounsel cannot sit idly by and then for the first time interpose objections at trial."

The defect in the answer did not affect the substantial rights of the plaintiff and the objection, coming when it did, should have been disregarded. *Contois Motor Co. v. Saltz, supra.* Although defendants' attorney did not ask for leave to amend his answer when the deficiency was raised, he might well have done so and his request would have been granted. "It 'generally constitutes an abuse of discretion to sustain a demurrer without leave to amend where there is a reasonable possibility that the defect can be cured by amendment, particularly in the case of an original complaint.' [Citation omitted.] We feel the ends of justice will be served in this case by permitting plaintiff to amend its petition." *Cagle, Inc. v. Sammons*, 198 Neb. 595, 604, 254 N.W.2d 398, 404 (1977).

If plaintiff was concerned as to the nature of defendants' claim of duress, it should have reached that issue by motion or a demurrer timely filed and ruled upon.

The District Court was correct in ruling in favor of the plaintiff on the issue of consideration. However,

as we have pointed out above, the court should not have sustained the demurrer ore tenus relating to the issue of duress, and its judgment in that regard is reversed and the cause is remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.