SCHOOL DISTRICT OF WATERLOO, DOUGLAS COUNTY, NEBRASKA, APPELLANT, V. DREW HUTCHINSON AND JUDY HUTCHINSON, APPELLEES.

443 N.W.2d 611

Filed August 4, 1989. No. 87-846.

John F. Recknor, of Barlow, Johnson, DeMars & Flodman, for appellant.

Jay L. Welch, of Rickerson, Welch & Kruger, for appellees.

BOSLAUGH, WHITE, CAPORALE, and GRANT, JJ., and RIST, D.J.

GRANT, J.

This is a lawsuit about $540. Plaintiff school district wants defendants to pay for the transportation of defendants' three children to and from the Waterloo school. Defendants do not want to pay.

On November 6, 1986, plaintiff-appellant filed its petition seeking recovery of moneys from defendants for transportation of their children. On December 18, 1986, defendants demurred.

On January 20, 1987, the county court for Douglas County

sustained the demurrer and dismissed plaintiff's case. The court's order stated in part:

The issue raised by the Demurrer is:

"May a Class III School District which is providing busing service to resident students charge a fee for transporting the students?"

It is the finding of the Court that school boards are under no statutory duty to provide actual bus service to students, and if the board in its discretion elects to provide busing service, there is no statutory authority to charge for the transportation.

IT IS THEREFORE ORDERED that the Demurrer is sustained for the reason that the Petition does not state facts sufficient to constitute a cause of action. The Petition of Plaintiff is dismissed. All costs taxed to Plaintiff.

The order did not provide an opportunity for the plaintiff to amend its petition if it so desired.

Then began a series of events which primarily concern thrashing around in a legal thicket without either side presenting any clear issue for a court to decide. Plaintiff did not file motion for a new trial or motion for the court to set aside its judgment. On February 10, 1987, plaintiff filed a motion, apparently by mail, seeking an order "allowing plaintiff to file an amended petition. A copy of the proposed amended petition is attached hereto . . . ." The certificate of service attached to the motion set out a hearing to be held in February.

On February 11, 1987, the county court entered an order providing, in part, as follows:

Hearing held on plaintiff's motion to file an amended petition. Defendants appeared through their attorney Jay L. Welch. Plaintiff did not make an appearance. Motion submitted without argument and allowed.

The amended petition attached to the motion is hereby filed by this order. Defendants requested and allowed to file a demurrer to the amended petition by February 17, 1987.

Hearing on the demurrer to the amended petition set for hearing at 11:00 A.M. February 27, 1987 before the

undersigned in Courtroom No. 21.

On February 19, 1987, at 10:50 a.m., defendants filed their demurrer to the amended petition. Also on February 19, at 10:13 a.m., plaintiff filed its notice of appeal to the district court for Douglas County "from an Order entered herein on January 20, 1986 [sic], which sustained a Demurrer filed by the defendants herein." Plaintiff deposited a docket fee at the same time and filed a praecipe for transcript. The notice of appeal and docket fee were timely filed to give the district court jurisdiction over plaintiff's appeal from the county court's order of January 20, 1987, and the filings removed the case from the jurisdiction of the county court.

Another praecipe for transcript was filed on March 16, 1987, in the county court, requesting seven items, including "Order of the Court sustaining the Demurrer to the Amended Petition which Order was dated February 27, 1987." The February 27 order sustained defendants' demurrer to the amended petition and dismissed the amended petition. The demurrer and order were filed after the notice of appeal to the district court filed February 19, 1987, and the county court had no jurisdiction to enter such an order.

In any event, on August 19, 1987, the district court entered its order as follows: "Order of County Court sustaining defendant's [sic] demurrer is affirmed." On August 24, 1987, plaintiff filed a motion for new trial. On August 31, 1987, plaintiff's motion for new trial was denied. Plaintiff filed its notice of intent to appeal on September 18, 1987. This filing was made within 30 days of the district court's order of August 19, 1987, affirming the county court order, and therefore, the problem presented in *Collection Bureau of Lincoln v. Loos, ante* p. 30, 443 N.W.2d 605 (1989), is not before us. It should be noted that plaintiff's motion for new trial, filed in the district court, is not an appropriate pleading when the district court is acting as an appellate court.

This case points out the pitfalls of practicing law by mail and the great difficulties facing a trial judge (in this case the county judge) in deciding cases which, on some points, are not even orally argued or explained. This court is faced with a confusing welter of pleadings. It would appear that if a case is sufficiently

important to be filed in the county court, appealed to the district court, and then appealed to the Supreme Court of this state, the case should be submitted succinctly and properly so that some court can dispose of it without the surrounding fog of confusion in this case.

The dispositive issue in this case is plaintiff's assignment of error that the trial court erred in that it offered no legally adequate opportunity for plaintiff to file an amended pleading. Plaintiff assigns this action of the trial court as one of its seven assignments of error. Since the resolution of that assignment is dispositive, we reverse on that ground and do not discuss plaintiff's six other assigned errors.

In *Newman Grove Creamery Co. v. Deaver*, 208 Neb. 178, 183, 302 N.W.2d 697, 701 (1981), we held, in connection with a demurrer ore tenus:

> "It 'generally constitutes an abuse of discretion to sustain a demurrer without leave to amend where there is a reasonable possibility that the defect can be cured by amendment, particularly in the case of an original complaint.' [Citation omitted.] We feel the ends of justice will be served in this case by permitting plaintiff to amend its petition."

In *Fowler v. Nat. Bank of Commerce*, 209 Neb. 861, 312 N.W.2d 269 (1981), we again stated that leave should ordinarily be granted to amend a petition after a demurrer is sustained, especially with respect to an original petition. In the *Fowler* case, the court noted that, on appeal, the case involved the sustaining of a demurrer to the plaintiff's third amended petition without permitting further amendment. In the cause before us, only the original petition was properly before the county court and the district court reviewing the county court dismissal.

In the cause before us, the issues are difficult enough that there is a reasonable possibility that a cause of action could be stated. In defendants' demurrer to that petition, defendants allege:

> Defendants Demur to Plaintiff's petition because the petition fails to state a cause of action upon which the Plaintiff is entitled to recover, i.e., Plaintiff School

District is without lawful authority, and is engaging in conduct <u>ultra vires</u> in charging for bus service to transport students residing within Plaintiff's school district boundaries to and from regular school attendance at the Plaintiff's schools.

Further, the Defendants Demur to the petition of the Plaintiff because the said petition alleges an unreasonable classification among students entitled to various transportation benefits from the Plaintiff School District for attendance at its schools, which unreasonable classification is by its unreasonableness, in violation of the equal protection clauses of the constitutions of the State of Nebraska and the United States of America.

Such issues are convoluted enough to permit plaintiff another attempt to plead a case. Indeed, defendants' demurrer might well be injecting factual matters into the case in defendants' attempt to prevail. The issue should be refined enough in the trial court, and before the appellate district court, to allow both of those courts, and this court, a reasonable opportunity to dispose of the case properly.

We note that plaintiff itself caused a major part of the problem by not so conducting itself as to permit appropriate amended pleadings in the trial court. Nonetheless, the decision of the district court affirming the judgment of the county court is reversed. The cause is remanded to the district court with directions to remand the cause to the county court to permit plaintiff the opportunity to file an amended petition.

REVERSED AND REMANDED WITH DIRECTIONS.