## Herman Teuber
### v.
### Joseph Schumacher et al.

*Negotiable Instruments—Judgment Note.*

1.  Where a judgment has been entered upon a judgment note, and the defendant is permitted to come in and defend, no terms being imposed, it is his right to offer any evidence admissible under his plea of the general issue.
2.  While neither failure nor want of consideration can be shown under this plea, payment may.
3.  In the case presented, the plaintiffs had, after the maturity of the note involved, received on account of the defendant more than the amount of the note, and the question whether he was entitled to have this money applied upon the note, depending upon the state of the accounts between the parties, this court holds that he should have been permitted to show and have examined such accounts.

[Opinion filed October 17, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Messrs. Louis Kistler & Son, for appellant.

Mr. Arnold Tripp, for appellees.

Waterman, J.  Appellees having caused judgment to be entered against appellant upon his note for $150, he was permitted to come in and defend. Thereupon he filed a plea of the general issue, and a trial was had. Upon the trial it appeared that appellant, a carpenter, had done work for appellees in the erection of certain houses, and had also obtained from them the mill work for other buildings. Appellant testified that he gave the note at a time when the accounts between him and appellees were unsettled, and upon their promise that when a settlement and an adjustment was had, the note should be given back.

After the note became due, appellees (upon an order appellant gave to them) collected $625, due him from a third party. Appellant insisted that an adjustment of the accounts would show that he owed them nothing, and desired to introduce the entire accounts. The court refused to permit this, seemingly because of some affidavit not shown in the record, in which appellant had stated that the note had been paid in cash.

No terms were imposed when appellant was let in to defend; it was therefore his right to offer any evidence permissible under his plea of the general issue. Neither failure nor want of consideration could, under the statute of this State, be shown under this plea, but payment might. Appellees had, after the maturity of the note, received on account of appellant more than the amount of the note; whether appellant was entitled to have this money applied upon the note, depended upon the state of the accounts between the parties; he should therefore have been permitted to show and have examined such accounts. The court in letting him in to defend, might have imposed terms, but not having done so, it could not restrict him to a mere showing that the note had been paid in cash. Such was not the issue presented by the pleadings. The judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*