OTTO NAEF *et al.*

*v.*

FRANCES E. POTTER.

*Opinion filed April 18, 1907.*

1. BILLS AND NOTES—*when transferee of accommodation paper, after maturity, may recover.* A transferee of accommodation paper, in good faith and for value, even after maturity and with notice that it is accommodation paper, is entitled to recover notwithstanding it has been diverted from its purpose, where there are no restrictions as to its use written into the paper and no notice of such restrictions brought to the knowledge of the transferee.

2. SAME—*maker of accommodation paper should insert therein such restrictions as he desires.* Since accommodation paper must be made without legal consideration, the maker may impose such restrictions upon its use as he desires; but unless such restrictions are written into the paper or otherwise brought to the knowledge of a transferee for value before he has received the paper, the facts that the paper was past due and that there were verbal restrictions as to its use constitute no defense to the paper or the foreclosure of the mortgage securing it.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. E. HEARD, Judge, presiding.

GEORGE W. PLUMMER, and WHARTON PLUMMER, for appellants.

JOSEPH B. LEAKE, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This appeal brings before us the record of a foreclosure proceeding in the Cook county circuit court wherein Frances E. Potter was complainant and Otto Naef and others were defendants. The court below found for the complainant and entered its decree of foreclosure of a trust deed executed by Otto Naef and wife on June 5, 1897, to secure a promissory note for $6500. The decree has been affirmed by the Appellate Court for the First District, and appellants prosecute this further appeal.

On June 5, 1897, appellants executed the note and trust deed in question and delivered the same to Charles Rascher. The note matured three years after date. Appellants set up the defense that the note and trust deed were executed as accommodation paper, to be used by Rascher as collateral security with the American National Bank, and with no other person, to secure a loan of $3500 to Rascher. Appellants' note and trust deed were used by Rascher as collateral with the American National Bank and were held by said bank until after appellants' note matured by its terms. The principal note to which appellants' note and trust deed were collateral had been reduced by payments to $2200. Rascher executed a note for $2200, upon which appellee furnished the money to pay the balance due the bank. Appellants' note and mortgage were withdrawn from the bank and hypothecated to complainant as collateral security for the $2200 note. Appellants contend that the use of this note and trust deed as collateral to the $2200 note payable to appellee was such a wrongful diversion of the accommodation paper from the original purpose for which it was executed that they are not liable. Appellants' contention

cannot be sustained. There is no proof in this record that appellee had any notice of the alleged restrictions as to the use to be made of the note and trust deed by Rascher, and the rule is well established that one who has received accommodation paper after it has been diverted from its contemplated purpose, without notice of the diversion, in good faith and for value, is entitled to recover thereon. (1 Am. & Eng. Ency. of Law,—2d ed.—p. 384, and cases cited.)

But it is said appellee accepted the note and trust deed after maturity, and the rule applicable generally to commercial paper is invoked, that the transferee of past due negotiable paper takes it subject to all defenses that might have been interposed against the original holder. This rule does not apply to accommodation paper. If it did apply to such paper the effect would be to destroy the value of all accommodation paper when the same is transferred after maturity. The very nature of accommodation paper presupposes that there was no consideration given for it, consequently no cause of action can ever be maintained by the accommodated party against the accommodation maker, and if the transferee of accommodation paper gets no greater right than the accommodated party has, the result would be to eliminate accommodation paper from commercial transactions. But the law in this State and in most other jurisdictions is, that the transferee of accommodation paper, even after maturity and with notice that it is accommodation paper, takes it discharged of all defenses that might have existed against the accommodated party. The case of *Miller* v. *Larned,* 103 Ill. 562, is a conclusive authority against appellants' contention on this point.

No one can ever have a legal right to require another to execute accommodation paper in his favor. In order to give it the character of accommodation paper it must be made without legal consideration and be delivered purely for the accommodation of the accommodated party. The law recognizes the right of the accommodation party to

impose any restrictions, conditions or limitations upon the paper that he sees proper. (1 Am. & Eng. Ency. of Law,—2d ed.—383; *Benjamin* v. *Rogers,* 126 N. Y. 60; 26 N. E. Rep. 970.) Unless such restrictions are written into the note or otherwise brought to the knowledge of the transferee at the time or before the paper is passed to him, such restrictions, limitations or conditions will be no defense, and the fact that the paper may be past due at the time will not charge the transferee with notice of mere parol restrictions.

There is no merit in the defense relied upon by appellants, and the decree of the circuit court of Cook county and the judgment of the Appellate Court for the First District affirming the same are accordingly affirmed.

*Judgment affirmed.*