## Many, Blanc & Company, Appellant, v. Eugene Krueger et al., Appellees.

### Gen. No. 14,838.

1. NEGOTIABLE INSTRUMENTS—*how want of consideration pleaded.* By section 9 of chapter 98, which was not repealed by the Negotiable Instrument Act of 1907, the defense of want of consideration must be specially pleaded in an action of special *assumpsit* on a note.

2. NEGOTIABLE INSTRUMENTS—*when want of consideration no defense.* Want of consideration is no defense to an action upon a

demand promissory note which was executed by the defendant as accommodation paper and delivered to the payee, the co-maker's creditor, to secure a matured debt, even though the maturity of the debt was not extended and the payee had knowledge of all the facts.

3. SURETYSHIP—*what consideration will not support undertaking.* An indefinite uncertain undertaking not amounting to a binding enforceable contract, is not sufficient consideration to support a contract of suretyship to extend the maturity of a debt.

4. PRACTICE—*when refusal to submit proper special interrogatories will not reverse.* If from the whole case it appears that a just result has been reached, a refusal to submit proper special interrogatories will not reverse.

5. INSTRUCTIONS—*effect as to suggestion of doubt upon undisputed issue.* If the evidence upon a material issue is undisputed, it is prejudicial error for the court to suggest a doubt as to how such issue should be determined.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed March 18, 1910.

STEELE & THOMPSON, for appellant.

WILLIAM M. LAWTON, for appellees.

MR. JUSTICE MACK delivered the opinion of the court.

On a note executed by the defendants, Eugene Krueger and Sophia, his wife, to plaintiff for the amount of his matured indebtedness, a judgment was rendered in the Municipal Court against the husband and in favor of the wife, from which plaintiff appealed.

Mrs. Krueger, who concededly is only a surety, pleaded, among other pleas, non assumpsit and fraud and circumvention in the execution of the instrument, but she did not plead want of consideration.

By chapter 98, section 9 of the Revised Statutes of 1874 (Hurd's Rev. St. 1908, p. 1462, section 9) which section was not repealed by the Negotiable Instruments Act of 1907, the defense of want of consideration must be specially pleaded in an action of special *assumpsit* on a note. Tueber v. Schumacher, 44

Ill. App. 577; Wilson v. King, 83 Ill. 232. Hardy v. Ross, 4 Ill. App. 501, holds only that the statute refers to actions on promissory notes and not to bills of exchange. In the absence of a special plea the evidence of want of consideration offered on her behalf was therefore inadmissible.

Moreover, under the facts proven, such a plea could not have been sustained. The consideration, it is true, was not an agreement to extend the maturity of the debt, for while the note is dated September 18, it was executed according to the testimony of plaintiff's witnesses, not, as it asserts in its brief, on its date but several days later. If it had been executed on the day of its date, an agreement to extend the maturity of the indebtedness one day, which would clearly be a sufficient consideration for the surety's obligation, could be implied inasmuch as it was payable on demand *after date,* but under the facts in this case no such agreement can be implied. Suit could have been brought thereon immediately after and on the day of the delivery of the note.

But plaintiff claims as the consideration, first, an agreement to extend credit on new purchases, acted upon by both parties; second, that it was given as security for a pre-existing obligation of one of the makers. The alleged agreement, however, is too indefinite in every respect. No amount or time of credit is specified. If Eugene Krueger on the day after the delivery of the note had requested any credit on new purchases for any amount, and plaintiff had refused to extend it, it could not have been held liable for breach of the agreement. This alleged agreement, therefore, involving no obligation on the part of plaintiff, cannot be deemed a new consideration. That plaintiff did in fact give credit on some subsequent purchases is just as immaterial in the absence of a binding obligation so to do, as is the actual forbearance to sue on the matured claim in the absence of a binding agreement to extend the time of payment.

It remains therefore to determine whether the de-

fense of want of consideration is maintainable by one executing a demand note jointly with à debtor, for the latter's accommodation, payable to a creditor on a matured claim and delivered to him as collateral security for his claim, when the creditor has knowledge of all the facts and has given no new consideration either to the debtor or to his co-maker.

It was the settled law in most jurisdictions before the enactment of the uniform Negotiable Instruments Act and it is clearly the law under section 25 of the act, as adopted in Illinois, the language of which differs from the language adopted in the corresponding section in other states, under which some conflict in the authorities has arisen (Brannan Neg. Inst. Law, p. 207) that "a pre-existing debt constitutes value where an instrument is taken as security therefor whether the instrument is payable on demand or at a future time."

Moreover not only the endorsee but even the payee of an instrument may be a holder in due course. Boston Steel & Iron Co. v. Steuer, 183 Mass. 140; Lloyd's Bank v. Cooke 1907, 1 K. B. 794, at 805, 809.

Both prior to the Negotiable Instruments Act of 1907 (Naef v. Potter, 226 Ill. 628), and by the express provisions of section 29 of the act, an accommodation party is not relieved of liability because the holder knew him to be only an accommodation party. In giving the note to plaintiff there was no violation of any restrictions placed upon its use. Therefore the defense of want of consideration even if properly pleaded could not have availed the defendant in this case. Harrell v. Tenant, 30 Ark. 684.

There is nothing contrary to this in the case of Martin v. Stubbings, 126 Ill. 387, although some slight doubts are suggested on the point in Martin v. Stubbings, 20 Ill. App. 381, at p. 392.

The judgment of the court could not therefore be sustained if this were the only defense or if the verdict had been rendered because of this defense. The important defense, however, and that to which most of

the evidence was directed, was fraud and circumvention in the execution of the instrument. The evidence on this point was directly conflicting. If the testimony of plaintiff's agent was true there was absolutely no basis for defendant's contention; on the other hand Mrs. Krueger's testimony, if true, amply supported the defense. Her claim was that, ignorant of English, she signed the paper, relying on the statement of plaintiff's agent that she was signing the paper merely as a witness to her husband's signature.

Under these circumstances, it was of the utmost importance that the instructions to the jury be correct and clear and introduce no irrelevant issues.

The refusal to submit proper special interrogatories to the jury would not of itself be a ground of reversal if we could say from the whole case that a just result had been reached. We cannot, however, in view of the clear conflict in the testimony say either that justice has or has not been done. If the instructions had been limited to the defense of fraud and circumvention, we should on this record have upheld a verdict rendered in favor of either party, accepting the jury's view as to the relative credibility of the witnesses. But after giving careful and proper instructions and refusing to give erroneous instructions on this point, the court, of its own motion, instead of further instructing the jury that the defense of want of consideration had not been sustained, gave them the following additional instruction:

"The court instructs you that if you believe from the evidence that the note in question was taken in satisfaction of the open account due the plaintiff from the defendant, Eugene Krueger, or that it was taken as security for said indebtedness, and if you so find from the evidence, then you are instructed that on the question of consideration for the signature of the defendant, Sophia Krueger, there is sufficient consideration in law to constitute value. The court instructs you that if you believe from the evidence that the note in question was not taken by the plaintiff in satisfaction of the indebtedness due to the plaintiff from

the defendant, Eugene Krueger, or that it was not taken as security as such for the same, then you are instructed as a matter of law that there was no consideration moving from the plaintiff to the defendant, Sophia Krueger, for the signing of said note, and unless you further find from the evidence that the plaintiff has altered his position and has been damaged thereby, you will find the issues on this point for the defendant, Sophia Krueger.''

We cannot understand the application of the latter half of the instruction to this case. While it is true that defendant contended and still contends that, as a question of law, this defense was established, there was no dispute whatsoever as to the fact that the note itself was taken by plaintiff either in satisfaction or as security for her husband's debt. To suggest a doubt on this point to the jury is serious error; to go further, and to instruct them that if they find that the note was not so taken (something they could not do without disregarding the undisputed evidence) then they should find the issues on this point for the defendant, is both confusing and so seriously erroneous as to require a reversal—the more so inasmuch as the special interrogatories had been refused and the words ''issues on this point,'' especially in view of the absence of any plea of want of consideration, amounted to a direction under the circumstances for the defendant.

*Reversed and remanded.*