Marie Johnson, Administratrix of the Estate of Earl J. Johnson, Deceased, Plaintiff-Appellee, v. Princeville Community High School District 206 and Lavergne Byrnes, Defendants-Appellants.

Gen. No. 65–55.

Third District.

December 23, 1965.

Davis, Morgan & Witherell, of Peoria, for appellants.

Frederick W. Allen, of Peoria, for appellee.

CORYN, J.

Plaintiff, Marie Johnson, Administratrix of the Estate of Earl J. Johnson, deceased, filed this wrongful death action in the Circuit Court of Peoria County against Princeville Community High School District 206, and Lavergne Byrnes, defendants. The jury returned a verdict for the plaintiff in the amount of $30,000, upon which the court entered judgment. Defendants are ap-

pealing from this judgment and raise the following issues:

1. Plaintiff failed to prove negligence on the part of defendants.

2. Plaintiff's intestate was guilty of contributory negligence as a matter of law.

3. The court erred in giving the jury plaintiff's Instruction No. 10, which instruction informed the jury of a statute in Illinois which requires a vehicle approaching a stop sign to stop at a point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting highway.

4. The court erred in refusing to strike the testimony of the coroner's physician.

The evidence establishes that on September 20, 1961, at approximately 7:30 a. m., Earl Johnson, decedent, was traveling southbound in his automobile on Route 88 and approaching the intersection of Route 88 with Trowbridge Road in Peoria County. Route 88 is a two-lane paved highway running in a northerly and southerly direction. Trowbridge Road is a gravel road which runs east and west and intersects at right angles with Route 88 about one mile south of the Town of Lawnridge. Stop signs direct traffic on Trowbridge Road to stop and yield the right-of-way to traffic on Route 88. On the morning of the accident the pavement was dry, even though there was dense fog. Visibility was estimated by various witnesses to be from one hundred feet to less than a city block. Lavergne Byrnes, defendant, and driver of the school bus owned by Princeville Community High School District 206, also defendant, was not permitted to testify because of the provisions of § 2 of an Act in regard to evidence and depositions, c 51, § 2, Ill Rev Stats (1965), popularly called the Dead Man's Statute. Four student passengers on the bus at the time of the mishap testified that the bus approached said intersection from the west prior to turning left or north onto Route 88.

490

These students stated that the bus driver brought the bus to a stop for about a minute at the edge of the pavement, opened the bus door and window, listened and looked for traffic on the highway and then pulled onto Highway 88, and was in the process of making a left turn, when the bus was struck by the decedent's automobile. The collision occurred in the southbound lane of Route 88. The left front of decedent's automobile struck the school bus at the front of its left rear dual wheels; both vehicles were extensively damaged. One of the students, John Phillips, testified that he saw the lighted headlamps of the decedent's vehicle shortly before the impact. State Trooper Martin testified that he arrived at the scene of the accident about 7:57 a. m. and found the bus on an angle in the northbound lane of Route 88, facing in an easterly direction. Decedent was lying on the gravel shoulder of the road beside his car, and at that time appeared seriously injured. The automobile headlights were on, but there were no headlamps lighted on the bus. Trooper Martin stated there were ninety-five feet of "positive skid marks laid down by the Chevrolet and an additional ninety feet of skid marks which were probably laid down by the Chevrolet." These skid marks were down the center of the southbound lane. Trooper Martin stated that the Chevrolet traveled approximately ten feet after the impact, and that the impact moved the bus six feet in a sideways direction from the point of impact. Martin stated that as he came upon the scene of the accident, he could see the vehicles when a half-a-block away. Dr. Donald Burhans, Peoria County coroner's physician, testified that he was called upon to examine a body indentified to him by someone else as the body of Earl J. Johnson, and that he concluded from his examination that the death of Earl J. Johnson was caused by a basal skull fracture with hemorrhage around the brain, a fracture of the right humerus, and multiple facial lacerations. The answer to the complaint admits that decedent died on the day of the collision, and it is

not disputed that he sustained serious injury and that he was previously in good health.

Plaintiff's Instruction No. 10 (IPI 60.01) reads as follows:

> "There was in force in the State of Illinois at the time of the occurrence in question certain statutes which provided that: Every driver of a motor vehicle approaching a stop sign shall stop at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting highway before entering the intersection, and shall yield the right of way to other vehicles which are approaching so closely on said through highway as to constitute an immediate hazard.

> "If you decide that the defendants violated the statutes on the occasion in question, then you may consider that fact, together with all the other facts and circumstances in evidence, in determining whether or not the defendant was guilty before and at the time of the occurrence."

■■ Defendants claim that it was error for the court to give this instruction as the language of the statute (Ill Rev Stats, c 95½, § 167) had been modified by judicial interpretation, and the instruction as drafted did not reflect this modification. This court cannot consider this issue in this appeal, as defendants' post-trial motion, which complained of errors concerning other instructions given by the court, did not claim as error the giving of plaintiff's Instruction No. 10, and consequently defendants are barred from raising this question on appeal. At c 110, § 68.1(2), Ill Rev Stats, it is specifically provided that "a party may not urge as error on review of the ruling on his post-trial motion any point, ground, or relief not particularly specified in the motion." Accordingly, in Shanowat v. Checker Taxi Co., Inc., 48 Ill App2d 81, at 94, 198 NE2d 573, the court stated:

"[D]efendant complains of several alleged errors in instructions tendered to the jury. However, since defendant failed to specifically point out the instructions objected to in its motion for a new trial, we may not consider such alleged errors."

■ Defendants next contend that the entire testimony of Dr. Burhans should have been stricken by the court upon their motion, as Dr. Burhans admitted on cross-examination that someone else told him that the body which he was about to examine to determine the medical cause of death was the body of Earl J. Johnson, and that consequently Dr. Burhans' entire testimony was based on hearsay. Again, we are precluded from passing on the validity of this argument, as the defendants also failed to raise this issue in their post-trial motion.

The main thrust of defendants' appeal is that plaintiff failed to prove negligence on the part of defendants, and that plaintiff's intestate was guilty of contributory negligence as a matter of law. The complaint charges defendants with negligence in violating the statute requiring vehicles to stop and yield right-of-way to vehicles on a preferred highway which are approaching so closely as to constitute an immediate hazard; with failing to keep a proper lookout for traffic on Route 88 before entering the intersection; and with failing to operate the school bus with care commensurate to existing conditions.

■ The issues of negligence and contributory negligence, being issues of fact, were for the jury to determine, and the determination of these issues by the jury cannot be set aside by a court of review unless palpably erroneous, or in other words, unless the jury's determination of these issues is contrary to the manifest weight of the evidence. A court of review cannot invade the function of the jury by substituting its judgment for that of the jury on questions of fact fairly submitted, tried, and determined from the evidence which did not manifestly preponderate either way. Izzo v. Zera, 57 Ill App2d

493

263, 205 NE2d 644; Robinson v. Workman, 9 Ill2d 420, 137 NE2d 804.

The evidence in this case, with few exceptions, is not conflicting. From this evidence fair-minded men might rightfully draw different inferences and rightfully reach different conclusions. The jury could properly infer from the length of the skid marks of the decedent's vehicle that the decedent saw the school bus starting to pull out onto Highway 88 when he was 185 feet from the bus, and from this inference the jury might reasonably conclude that if the driver of the school bus had been keeping a proper lookout for traffic on Route 88, he would have seen the decedent's vehicle when it was within the same range of distance. The jury might also infer from the fact that the decedent was driving upon a preferred highway with his lights on, and in the proper lane of traffic, and because decedent applied his brakes when at least 185 feet away, that the decedent was, at the time of the impact, exercising due care. We concede that the jury might have drawn some contrary inferences and conclusions regarding the issues of negligence and contributory negligence from the facts in the record, but this possibility merely emphasizes the rule that the questions of negligence and due care, when composed of qualities sufficient to cause reasonable men to arrive at different conclusions, should not be determined as matters of law. Ney v. Yellow Cab Co., Inc., 2 Ill2d 74, at 84, 117 NE2d 74.

We conclude, therefore, that the issues of negligence and contributory negligence were properly submitted to the jury, and that the jury's determination of these issues was not contrary to the manifest weight of the evidence. Accordingly, the judgment order of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.