HELEN KITZER, Plaintiff-Appellee, v. PHILLIP C. KITZER, JR., et al.,— (PLYMOUTH INSURANCE AGENCY, INC., Defendant-Appellant.)

(No. 70-103;

Second District—October 20, 1971.

Levin & Novoselsky, and Blumenfeld & Blumenfeld, of Chicago, for appellants.

D'Ancona, Pflum, Wyatt & Riskind, of Chicago, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Plymouth Insurance Co., Inc. brings this appeal from an order of the trial court awarding the proceeds of sale of real estate in part to Exchange National Bank and in part to Helen Kitzer.

Helen Kitzer filed an amended complaint on August 21, 1968, for divorce from her husband and for other equitable relief against her husband, Phillip C. Kitzer Jr., her father-in-law, Phillip C. Kitzer Sr., and the Chicago Title and Trust Company. Her complaint alleged that she and her husband purchased a home in Hinsdale, Illinois, in 1965 for the price of $47,000 and that title to the property was put in a land trust with the Chicago Title and Trust Company as trustee. She alleged further that on January 28, 1965, at the direction of her husband, then the beneficiary under the land trust, the Chicago Title and Trust Company as trustee executed a $35,000 note to bearer and trust deed to the Exchange Nnational Bank of Chicago. The purpose of this mortgage allegedly was to secure loans made by Exchange National Bank to Phillip C. Kitzer, Sr., her father-in-law. On May 10th, 1965, her husband executed an assignment of his beneficial interest to Phillip Michael Kitzer, a minor child of the parties. Plaintiff alleged the defendants were perpetrating fraud upon her and that she would suffer damage unless the trust deed of record was declared void and removed as a cloud upon the title.

In a supplement to her amended complaint Helen Kitzer alleged that the $35,000 bearer note and trust deed were turned over to her father-in-law by her husband for safe keeping; that her father-in-law then turned them over for safe keeping to an officer of the Exchange National Bank. Plaintiff prayed that Exchange National Bank be made a party defendant and ordered to surrender the trust deed and note, and execute a release deed therefor.

The trial court granted a decree of divorce on December 19, 1967. On February 6, 1968, the Plymouth Insurance Agency, Inc., filed a motion for leave to intervene and alleged that the Plymouth Insurance Agency, Inc., on January 29, 1965, loaned the sum of $47,000 to plaintiff's former husband, Phillip C. Kitzer Jr., which was used by him to purchase the real estate. Plymouth Insurance Agency, Inc., further contended that it received the trust deed and note, and that Phillip C. Kitzer, Sr., placed the trust deed and note with an officer of the Exchange National Bank for safe keeping. Plymouth Insurance Agency, Inc., was granted leave to intervene and the defendant father-in-law, Phillip C. Kitzer, Sr., was dismissed as an individual party defendant.

It is to be noted that the Plymouth Insurance Agency, Inc., is a family corporation solely owned by Phillip C. Kitzer, Sr., and his two sons, Phillip C. Kitzer, Jr., and Joe Kitzer. On October 11, 1968, the

trial court ordered the sale of the property and retention of the proceeds until further order. The property was sold for a net amount of $39,292.99 and this sum was deposited with the clerk of the Circuit Court of the 18th Judicial Circuit, Du Page County. On November 14th, 1969, hearing was had to determine the respective interests, if any, of the Exchange National Bank, the Plymouth Insurance Agency, Inc., and Helen Kitzer in the proceeds of the sale of the real property. The Exchange National Bank called as its only witness, Norman F. Silbersdorf, a vice president, who testified he had martialed together the bank records which were submitted as exhibits. Plymouth Insurance Agency, Inc., called as its only witness, Phillip C. Kitzer, Sr., and the plaintiff, Helen Kitzer, called no witnesses and stood on the record.

The Bank offered six exhibits which were introduced into evidence. Among them was an appraisal of the Hinsdale real property (obtained by the bank on January 26, 1965); a $35,000 installment note dated January 29, 1965 payable to bearer with interest at 5½%; and a trust deed dated January 29, 1969, from Chicago Title and Trust Company, as Trustee, to the Exchange National Bank, as Trustee, recorded February 3, 1965. It was stipulated that the note and trust deed had been at the address, or within the physical confines, of the Bank since March, 1965. A bank margin card pertaining to Phillip C. Kitzer, Sr., kept for the purpose of recording collateral was admitted without objection for the limited purpose of showing an entry on the card of the Hinsdale real estate. A bank liability ledger sheet of Phillip C. Kitzer, Sr., was admitted without objection on which "Plymouth Ins. Agcy." appeared at the top of the sheet and was stated by Mr. Silbersdorf to be "merely a cross reference." Mr. Silbersdorf testified on the basis of the liability ledger sheet that Phillip C. Kitzer, Sr., was on the date of hearing indebted to the bank in the principal amount of $27,000. At first, Silbersdorf testified that the interest due was "about $12,000 in accrued interest." Upon cross examination he testified however that the interest due "would probably be in the neighborhood of $3500." This testimony was objected to by counsel for Plymouth on the ground that the question was not material or germane as Phillip C. Kitzer, Sr., was not a party to the litigation having previously been dismissed.

The margin card admitted into evidence contained erasures and lines drawn through entries which the witness could not explain. He had no knowledge as to who had made the erasures or who had drawn the interlineations on the card. The bank clerk in the loan department who normally makes such entries was not called as a witness. Silbersdorf further could not testify as to the validity of the note and trust deed nor state how they had come into the bank's possession.

Phillip C. Kitzer, Sr., who had been president of Plymouth Insurance Agency, Inc., since its inception, then testified that he had drawn a check on the Plymouth Insurance Agency, Inc., as payor, in the sum of $44,500 and used it to purchase a cashier's check in the same amount from the Exchange National Bank on January 27, 1965. He gave this cashier's check to the attorney for Plymouth Insurance Agency, Inc., a Mr. Richards, with instructions to use it for the purchase of the Hinsdale home for his son and to bring him a note and mortgage on the property payable to Plymouth Insurance Agency, Inc., in the amount of $35,000. He had previously furnished $2500 deposited as earnest money, and the earnest money and cashier's check equalled the purchase price of $47,000. Subsequently, he said it was arranged with the attorney to have the $35,000 note made payable to bearer and the trust deed run to Exchange National Bank. The witness said anyone can be a trustee, that he just picked Exchange National because it was the bank for Plymouth Agency, the bank knew nothing of the arrangement, and it was his purely voluntary act not supported by any declaration of trust or trust agreement. The Bank obtained an appraisal of the real estate at his request about the end of January, 1965.

He testified, that at the time of hearing Plymouth Insurance Agency, Inc., owed the bank nothing and did not deny or rebut the testimony of the Vice-President of the bank concerning his existing personal indebtedness.

On cross examination, plaintiff's attorney produced two certified copies of gift tax returns filed June 8, 1966, with Internal Revenue Service by Phillip C. Kitzer, Sr., and his wife, which indicated that they made a gift of the house in Hinsdale to Phillip C. Kitzer, Jr., and Helen Kitzer, his wife, valued at $48,000. Phillip C. Kitzer, Sr., and his wife had each claimed in the return a $24,000 gift to the junior Kitzers. Plaintiff stood upon the record and called no witnesses.

On March 4th, 1970, the trial court directed payment to Exchange National Bank of $27,000 on its claimed lien together with interest; the court denied the claim of Plymouth Insurance Agency, Inc., and directed payment of the $8792.99 balance remaining after payment of $30,500 to Exchange National Bank, to Helen Kitzer.

The trial court found that Phillip C. Kitzer, Sr., made a gift in excess of $40,000 to Phillip C. Kitzer, Jr., and Helen Kitzer; that Phillip C. Kitzer, Sr., borrowed the funds from the Plymouth Insurance Agency, Inc., and that these funds were actually the funds of Phillip C. Kitzer, Sr.; that the intention of Phillip C. Kitzer, Sr., was to make a gift to Phillip C. Kitzer, Jr., and Helen Kitzer in the sum of $48,000 as indicated

by the gift tax returns filed and in evidence; that no loan was made by Plymouth Insurance Agency, Inc., to Phillip C. Kitzer, Jr., and/or Helen Kitzer, and therefore Plymouth Insurance Agency, Inc., was not entitled to any funds; that there was a valid trust deed in the sum of $35,000 together with installment note in the sum of $35,000 held as collateral security from Phillip C. Kitzer, Sr.; and that Phillip C. Kitzer, Sr., owed the Exchange National Bank the sum of $27,000 plus interest notwithstanding the fact that the trial court had previously dismissed Phillip C. Kitzer, Sr., as a party defendant to this suit; and that the Exchange National Bank of Chicago was the true and lawful owner of the aforesaid trust deed and was in possession of the installment note.

The findings of the trial court are inconsistent. The court first finds that Phillip C. Kitzer, Sr., made a gift "in excess of $40,000" to Phillip C. Kitzer, Jr., and his wife

"* * * said gift to be used to accomplish the purchase of the real estate, which real estate is the subject matter of the controversies litigated by the parties above mentioned * * *."

The court then finds that there was

"* * * in existence a valid trust deed in the sum of $35,000 together with installment note in the sum of $35,000 * * *."

and

"* * * That the Exchange National Bank of Chicago, a National Banking Association was the true and lawful owner of the aforesaid trust deed and note * * * and that there is now due and owing to Exchange National Bank of Chicago, a National Banking Association, the principal sum of $27,000 plus interest in an amount not less than $3,500."

■■ While this court has repeatedly stated that it will not substitute its judgment for that of the trial court, here we are unable to find in the record evidence that would substantiate the findings of the trial court. Without going into detail, the court is unable to reconcile the findings of the court with the evidence in the record before us. Additionally, we are unable to determine from the record and from the vague and incomplete testimony of the witness for the Exchange National Bank exactly how the Exchange National Bank came into possession of the note and mortgage. Attorney Richards, who purportedly drafted the note and trust deed for the Plymouth Insurance Agency, Inc., did not testify. Kitzer Sr. testified that he did not have the records of the Plymouth Insurance Agency, Inc. that would or might disclose the withdrawal of $44,500 from the Plymouth Insurance Agency's bank account and its use by Phillip C. Kitzer, Sr., for the purchase of the

property in question. The explanation of Phillip C. Kitzer, Sr., as to his use of Plymouth Insurance Agency's funds is likewise vague and uncertain.

In *American Smelting Co. v. Industrial Comm.* (1933), 353 Ill. 324 at page 329, the court stated:

"Where a material question is in controversy upon a material issue and the record discloses that all the evidence on that issue has not been produced, this court has the power to reverse the judgment and remand the cause for the taking of further evidence on the part of either or both of the parties, upon the issues."

See also *Henry's Drive-In Inc. v. Anderson* (1962), 37 Ill.App.2d 113, 185 N.E.2d 103, at page 110; and *People v. McGrath* (1967), 85 Ill.App. 2d 388, 229 N.E.2d 14, at page 15.

The judgment of the trial court is reversed and set aside and the cause is remanded to the Circuit Court with directions to take such further evidence that the parties may choose to present.

Reversed and remanded with directions.

MORAN, P. J., and ABRAHAMSON, J., concur.