JAMES FLENER, Plaintiff-Appellant, *v.* BREWSTER MOTORS, INC. *et al.,* Defendants-Appellees.

(No. 70-52; ▮▮▮▮▮▮▮▮

Fifth District—February 28, 1973.

330

G. MORAN, J., dissenting.

Harris & Lambert, of Marion, for appellant.

August L. Fowler, of Fowler & Novick, for Marion, for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Plaintiff appeals from an order of the trial court of Williamson County allowing defendant's post-trial motion for judgment in favor of defendant after the jury to which the case has been submitted failed to agree. The case was tried on two counts of the complaint, both of which were based on ordinary negligence and both of which alleged that plaintiff was in the exercise of due care and caution for his own safety and that of his property.

Defendant's decedent, who will hereafter be referred to as "defendant", the driver of the car which struck the rear end of plaintiff's car, died sometime after the collision, but not as a result of it, and before trial. Plaintiff was barred from testifying to anything prior to the death of defendant. (Ill. Rev. Stat., ch. 51, par. 2.) Other than the plaintiff, the only witness to the actual incident was the owner of and passenger in the car driven by defendant.

Plaintiff called as his own witness the passenger-owner, who testified that she and defendant were driving in a southerly direction toward Herrin, Illinois. As they were driving along, defendant was looking down and listening for some noise in the back end of her car. As they were driving, they were talking, and she looked up and saw the tail lights of plaintiff's car about a block in front of them. She thought the car was moving, but she did not know how fast. When she looked up again, she saw that plaintiff's car was stopped, and she said, "Jimmy, look out. That car stopped." Defendant, who was still looking down at that time, hit for

the brake, but her car struck the rear of plaintiff's car. They were traveling about thirty miles per hour and were two or three car lengths behind plaintiff's car at this time. She then identified a photograph looking south on Park Street which showed three sets of railroad tracks with a railroad warning sign facing southbound traffic. The crossbuck sign read "Railroad Crossing". Just beneath that sign appeared the words, "3 Tracks". Just under that sign were two red flasher lights and under these lights appeared the language, "Stop On Red Signal". She marked the third southernmost track as the place of the accident, but later said she was not sure whether the accident happened on the second or third set of tracks.

She further testified that there were no brake lights or signal lights on the plaintiff's car when she first saw it, and there were no brake lights or stop lights exhibited at the time of the collision.

Defendant contends in response to the plaintiff's appeal that plaintiff failed to prove that he exercised proper care for his own safety and therefore the trial court properly allowed defendant's post-trial motion and entered judgment in favor of the defendant. We agree.

■■ There is no showing of plaintiff having given any signal that he was going to stop; no showing of any reason why he stopped; no showing of precaution in looking in the rear view mirror, or that the car was so equipped; no showing that a traffic condition such as to justify a stop on the highway existed; and no showing of careful habit evidence on the part of plaintiff. In fact, we find no evidence tending to prove due care by the plaintiff.

■■■ As stated in *Overman v. Illinois Central R.R. Co.*, 34 Ill.App.2d 30, 180 N.E.2d 213:

> "A motion for directed verdict should be allowed if * * * there is a total failure to prove one or more essential elements of the case * * * here, the element of due care by the decedent. The same rule is applicable in passing upon a motion for judgment notwithstanding the verdict * * *. There must be some evidence tending to prove due care by the decedent. The burden is on the plaintiff. Due care cannot be presumed from the mere fact of the happening of an accident and a consideration of the human instinct of self-preservation. Liability cannot rest upon imagination, speculation or conjecture, nor upon a choice between two views, equally compatible with the evidence, but must be based upon facts established by evidence fairly tending to prove them. If the record is without evidence of due care by the decedent, the decedent was necessarily guilty of contributory negligence as a matter of law, and the court should instruct the jury to render a verdict for the defendant. [Citation.]"

██ Plaintiff cites numerous authorities to the effect that whether a plaintiff was guilty of contributory negligence which was a proximate cause, is a question for determination by the jury, and contends that plaintiff's conduct as shown by the evidence presented was not so clearly and palpably negligent that all reasonable minds would agree that he did not exercise that degree of care and caution which reasonable, ordinary and prudent persons would exercise under the same circumstances. The question here however, is not whether all reasonable minds would conclude that plaintiff was guilty of contributory negligence, but whether there was a sufficient showing of due care on his part or a freedom from contributory negligence on his part. The burden of proof to so show was on plaintiff and it has not been met. Plaintiff contends that our holding in *Smith v. Stopher*, 125 Ill.App.2d 378, 261 N.E.2d 16, dictates a reversal of the case at bar. In that case the jury resolved the facts in favor of the ten-year-old plaintiff. Our disposition of the question of whether there was sufficient evidence of freedom from contributory negligence of the plaintiff was disposed of in the next to last paragraph of the opinion (125 Ill.App.2d 387, 261 N.E.2d 20) and was obviously based on the age of the plaintiff. We do not consider our holding in *Smith* here applicable. Here there is no evidence from which it can be inferred that plaintiff was properly or justifiably stopped on railroad tracks in the proper lane of traffic.

██ It is further contended by the plaintiff that the court erred in striking certain testimony. We note that this issue was not raised in the plaintiff's post-trial motion, and is accordingly precluded from urging it for the first time on appeal. Chap. 110, Sec. 68.1(2), Ill. Rev. Stat.; *Johnson v. Princeville Comm. H. S. Dist. 206*, 65 Ill.App.2d 487, 212 N.E.2d 755.

For the foregoing reasons the judgment of the Circuit Court of Williamson County is affirmed.

Judgment affirmed.

CREBS, J., concurs.

Mr. JUSTICE GEORGE J. MORAN dissenting:

In my opinion the majority adopts an improper standard in upholding the trial court's action in granting the defendants' post-trial motion. Prior to the decision of our Supreme Court in *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, the courts of review of this state had in various opinions stated what was then the general rule that when there is any evidence which taken with its reasonable inferences in its aspects most favorable to the plaintiff, tends to show use of due care, the question of

due care is for a jury, but whether there is any such evidence is a question of law for the court. "Whether there be any evidence is a question for the judge. Whether sufficient evidence, is for the jury." In a lengthy opinion, the court in *Pedrick* stated at 503:

> "Even though we have not intended to establish two separate rules, the language accompanying the statement of the rules lends credence to a notion that one standard has been established whereby trial courts decide whether to direct verdicts and by which these decisions are reviewed, and another has been established whereby reviewing courts decide when negligence and contributory negligence become questions of law. This notion results from the fact that the any-evidence standard has always been stated in relation to the direction of verdicts, while, in contradiction to this, no case has been found since *Briske v. Village of Burnham*, 379 Ill. 193, in which we said that the reasonable-man test should be applied for this purpose (*cf.* Seeds), the latter standard having consistently been stated as determining the circumstances under which negligence or contributory negligence becomes a question of law. Logic demands that *one rule* govern both the direction of verdicts and determination of the presence or absence of negligence or contributory negligence as a matter of law, for in both situations the issue is whether a court or the jury should decide the negligence issue." (Emphasis added.)

The court then went on to state that the rule in all cases in the future would be that verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence when viewed in its aspect most favorable to the opponent so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand.

Viewed in its aspect most favorable to the plaintiff, the evidence discloses that on the night in question plaintiff had been stopped for some time in his own lane of traffic, with his lights on, at a railroad crossing, when he was struck in the rear by a car driven by the defendant. The jury, in my opinion, could reasonably infer that plaintiff was stopped where one might reasonably expect people to stop to either let a train go by or to look for a train that might be coming. The jury might have also inferred that plaintiff was being extra cautious in stopping at this time and place even if he did not see the light of a train or hear the blow of a whistle. Many drivers who are extra cautious stop at all railroad crossings, especially at night. Some commercial vehicles such as buses are ordered to stop at all railroad crossings regardless of flasher lights or any other warnings. In my opinion, when all the evidence is viewed in its aspect most favorable to the plaintiff on the issue of his contributory

negligence, the evidence does not so overwhelmingly favor defendant that no contrary verdict based on that evidence could ever stand.

In *Blumb v. Getz*, 366 Ill. 273, our Supreme Court said at 277:

> "* * * The question of contributory negligence is one which is preeminently a fact for the consideration of a jury. It can not be defined in exact terms and unless it can be said that the action of a person is clearly and palpably negligent, it is not within the province of the court to substitute its judgment for that of a jury which is provided for the purpose of deciding this as well as the other questions in the case."

However, assuming that appellant's unexplained stopping of his car at the time and place in question was a negligent act, it is still a question of fact whether this act was the proximate cause of his own injuries. "Questions of negligence, due care and proximate cause are ordinarily questions of fact for a jury to decide." *Ney v. Yellow Cab Co.*, 2 Ill.2d 74, 84. See also *Buehler v. White*, 337 Ill.App. 18, and cases cited therein.

Section 463 of Restatement of The Law of Torts, p. 506, states that:

> "Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause, cooperating with the negligence of the defendant in bringing about the plaintiff's harm." Quoted in *Zoloth v. Wacker-Wabash Corp.*, 328 Ill.App. 564.

Section 465 of Restatement of The Law of Torts, 2d, p. 510, states:

> "(1) The plaintiff's negligence is a legally contributing cause of his harm if, but only if, it is a substantial factor in bringing about his harm and there is no rule restricting his responsibility for it."

The rules which determine whether the plaintiff is guilty of contributory negligence which will bar his recovery against a negligence defendant "are the same as those which determine whether the conduct of the actor as defendant is sufficient to make him responsible, and therefor, liable for a harm to another." Quoted in *Schmidt v. Anderson*, 301 Ill.App.28, 45.

In *Briske v. Village of Burnham*, 379 Ill. 193, the plaintiff was riding as a guest passenger in a car which struck a barricade across a vacated street in the Village of Burnham and sued the Village for negligently maintaining the barricade. The trial court denied defendant's motion for a directed verdict. The Supreme Court said at page 199 that its inquiry was limited to a determination of the proximate cause of the accident and analyzed the question in this manner:

> "If a negligent act or omission does nothing more than furnish a condition making an injury possible, and such condition, by the

subsequent independent act of a third person, causes an injury, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury. [Cases cited.] An intervening efficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury and itself becomes a direct and immediate cause of the injury. [Cases cited.] The cause of an injury is that which actually produced it while the occasion is that which provides an opportunity for the causal agencies to act. [Cases cited.]"

The court concluded:

"Manifestly, neither the fact that the vacated street was open to public travel nor the existence of the barricade did anything more than furnish a condition and if either constituted negligence on the part of the respective defendants they were not acts concurrent with the negligence of the driver of the automobile in which plaintiff was a guest. In short, the intervening efficient cause of plaintiff's injuries was (the driver's) negligence."

The court clarified this on page 200:

"* * * According to [the driver's] own testimony, his lights were functioning properly and it follows, necessarily, that it was his inattention which constituted the negligence occasioning injuries to his guest. The conclusion is inescapable, under these circumstances, that [the driver] could and would have stopped his car had he used his powers of observation."

The Supreme Court said that when it considered the evidence in its aspect most favorable to the plaintiff, the evidence demonstrates that the proximate cause of plaintiff's injuries was the negligence of the driver of the car, and not the presence of the barricade.

In the present case there is no question but that the defendant was negligent because his passenger saw the car for a long time before the car was struck. There was no question but that there were lights on the plaintiff's car and the defendant could have seen them if he were looking. The uncontroverted evidence is that he was not looking. Under the rationale of *Briske*, the plaintiff's negligence, if any, in having his car parked at the time and place in question could not be a proximate cause of his own injuries, or at the very least it was a question of fact for the jury to decide.

I would remand for another reason. As one of its reasons for holding that plaintiff was contributorily negligent as a matter of law, the majority states that plaintiff failed to prove careful habits. Plaintiff states in his brief that he did not introduce careful habit testimony because there was an eyewitness to the accident. Defendant contends that under

the facts of this case plaintiff could have proved that he was a driver of careful habits and that had he done so, this evidence would have been sufficient to make his due care a question of fact for the jury. If the defendant is correct as the majority opinion indicates in its holding, we are asked to affirm the judgment of the trial court granting defendant's post-trial motion after the jury had failed to agree, even though the plaintiff would probably be able to get his case to the jury by proof of careful habits on retrial.

Where a material question is in controversy on a material issue and the record discloses that all the evidence on that issue has not been produced, a court of review has the power to review the judgment and remand the cause for the taking of further evidence upon that issue. (*American Smelting Co. v. Industrial Com.*, 353 Ill. 324; *Kitzer v. Kitzer*, 1 Ill.App.3d 1016. See also *Henry's Drive-In, Inc. v. Anderson*, 37 Ill.App. 2d 113, and *People v. McGrath*, 85 Ill.App.2d 388.) Every court should undertake as nearly as possible to see that cases are disposed of on their true merits.

Under the foregoing facts, the rationale of *Lamont v. Thompson*, 303 S.W.2d 589, seems particularly appropriate. The court there said at page 595:

> "* * * We think the failure to submit the issue of failure to warn was due to the misadventure of overlooking or failing to appreciate the significance of the evidence tending to support the issue. In the exercise of discretion, we give effect to the general principle that, in the furtherance of justice, a case should not be reversed without remand 'unless the appellate court is convinced that the facts are such that a recovery cannot be had,' that is, if plaintiff has shown a state of facts which might entitle him to recover if his case were submitted on a proper theory. [Cases cited.]"

I would remand this case to the trial court for a trial on the merits.