**Glen A. HINCKLEY, Trustee, Appellant,**

v.

**James A. EGGERS et al., Appellees.**

**No. 19740.**

Court of Civil Appeals of Texas, Dallas.

July 20, 1979.

Rehearing Denied Sept. 5, 1979.

W. Mike Baggett, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellant.

William D. Sims, Jr., Jenkens & Gilchrest, Dallas, for appellees.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Appellant, plaintiff below, appeals from a summary judgment denying appellees' liability on a deed of trust note which does not name any appellee and which none of the appellees has signed. We reverse on the ground that parol evidence is admissible to show that appellees are liable as principals because the note is not negotiable in view of its provision that the amount payable should be credited with payments made on a prior note.

Appellant sued James A. Eggers and eighteen other investors, who had signed a joint venture agreement calling themselves The Frisco Joint Venture, to enforce the obligations contained in a deed of trust and a deed of trust note, both of the same date, and each signed "Sam Wright, Trustee." Wright's liability is not disputed and is no part of this appeal, since his case was severed and judgment entered against him. Appellant's petition alleged that the deed of trust and the deed of trust note were delivered to appellant, who at all times has been the owner and holder thereof. He alleged that even though the deed of trust and the deed of trust note fail to name any of the appellees or to bear the signature of any of them, nevertheless, Wright acted on his own behalf and on behalf of all appellees with "actual, apparent or implied authority" to bind each. He also pled ratification by appellees of his execution of the deed of trust note. The breach of obligation in the deed of trust and the deed of trust note is undisputed.

Appellees' motion for summary judgment states one ground:

The specific ground upon which this Motion is based is that the Defendant Investors did not execute the Note (attached as Exhibit "A" to Plaintiff's Petition which is the subject of this suit) nor are Defendant Investors named in the Note. The Note was merely signed "Sam Wright, Trustee". Whether or not Defendant Sam Wright is liable on the Note, it is the universal rule that, as a matter of law, the Defendant Investors

are not liable, and cannot be liable, on the Note because they neither signed the Note, nor do their names appear on the Note, nor does the signature of Sam Wright state that he executed the Note on behalf of any or all the Defendant Investors. Furthermore, parol evidence, as a matter of law, is inadmissible to vary the signature appearing on the Note.

This was the only ground for the summary judgment, and the only issue argued in the briefs in support of the summary judgment, and in the briefs on this appeal. Consequently, the sole issue is whether parol evidence is admissible to show the principal's liability, if any, when the note is signed by an agent who does not name a principal but does show representative capacity. Appellant contends the court erred in granting summary judgment because as a matter of law, the note is non-negotiable and consequently parol evidence is admissible to show that appellees are individually liable under the terms of the note and deed of trust.

■ The test of negotiability is prescribed by Tex.Bus. & Comm.Code Ann. § 3.104(a)(2) (Tex. UCC) (Vernon 1968) which provides that the instrument must "contain an unconditional promise or order to pay a sum certain in money." Appellant argues that the note in question is not negotiable because it is not an unconditional promise in that it is to be paid only out of a particular fund. In this connection, appellant cites section 3.105(b)(2), which provides that a promise is not unconditional if it "states that it is to be paid out of a particular fund or source," with certain exceptions not applicable here.

We agree that the note does not contain an unconditional promise to pay the principal sum. It provides:

> Except as stated herein and in the Deed of Trust, *there shall be no personal or* corporate *liability hereunder* or under the Deed of Trust *and nothing contained herein* or in the Deed of Trust *shall obligate Maker,* or its successors or assigns, or the grantor of the Deed of Trust, or its successors or assigns, *further than to bind* *its right, title and interest in the* property *covered by the Deed of Trust, and in the event of a default hereunder* or under the Deed of Trust, *the sole remedy of the legal holder hereof* or Payee and of the Trustee or the beneficiary under the Deed of Trust, *shall be foreclosure of the property covered by the Deed of Trust, and neither Payee nor the legal holder hereof* and neither the beneficiary nor the Trustee of the Deed of Trust *shall be entitled to a personal or deficiency judgment,* and none shall be sought or entered; provided, however, in the event Maker fails to perform any of the terms and conditions hereof or of the Deed of Trust and Payee or any subsequent holder hereof has the right to accelerate the indebtedness represented hereby or to foreclose the lien of the Deed of Trust, nothing herein shall be deemed to relive [sic] Maker from Maker's *personal liability* and responsibility to *pay to Payee or the subsequent holder hereof on demand that dollar amount equal to all taxes which are or shall become due and payable on the property* covered by the Deed of Trust for the then current year *plus all interest which has accrued hereon* pursuant to the terms hereof but remains unpaid as of the date of such acceleration or foreclosure, whichever last occurs. [Emphasis added.]

These provisions have the effect of making the note payable out of a particular fund or source, namely, the proceeds of a sale of the property covered by the deed of trust. That is the only fund to which the holder may look for payment, although, of course, the maker may pay with any funds available. It would be contradictory to characterize as unconditional a promise that can be completely enforced only if a sale of the collateral produces sufficient funds. Under the clear provisions of the Code, such a note is not negotiable.

■ We recognize that the note provides personal liability for an amount equal to the taxes due on the property and the interest accrued on the note at the time of acceleration or foreclosure, and that the present suit is brought to enforce the per-

sonal liability. This provision does not establish negotiability. In the first place, this amount is not a "sum certain" within section 3.104(a)(2) because the amount of the taxes can be determined only from sources outside the instrument. Second, even if we disregard the taxes, we find no authority supporting the view that a note may be negotiable with respect to the interest when it is not negotiable with respect to the principal. We interpret the phrase "a sum certain in money" in section 3.104(a)(2) to mean the principal sum, which, of course, may be payable "with stated interest," under section 3.106(a)(1). Consequently, we hold that a note is not negotiable if it provides that the maker has no personal liability for the principal sum and that the holder's only remedy on default is foreclosure on the collateral, even though the note also contains an unconditional promise to pay a determinable amount of interest.

■ Having determined the note to be non-negotiable, and as Wright's agency was alleged, we further hold that parol evidence is admissible here to show the principal's liability on this non-negotiable instrument signed only by the agent. *Diacomis v. Wright,* 34 S.W.2d 806 (Tex.Comm'n App. 1931, holding approved); *Steinberger Petroleum Corp. v. Whitley,* 105 S.W.2d 727 (Tex. Civ.App.—Beaumont 1937, writ dism'd). While Wright's authority to bind appellees personally must be established before appellant can recover from appellees, on this appeal we hold only that the trial court erred in rendering summary judgment on the sole ground stated in the motion, that appellees as a matter of law were not liable because they neither signed nor were named in the note. We do not pass on whether the joint venture agreement precludes appellant from recovery against appellees individually nor do we pass on other theories not presented by the motion.

Appellee's motion for rehearing is granted to the extent that our former opinion is withdrawn and the foregoing opinion is substituted. Otherwise, appellees' motion is overruled, the summary judgment is reversed, and the cause is remanded for trial.

### On Second Motion for Rehearing

■ Appellee has filed second motion for rehearing, contending that § 3.105(a)(8) is the exception which prevents this note from being unconditional because the instrument "is limited to payment out of the entire assets of a partnership, unincorporated association, trust or estate by or on behalf of which the instrument is issued." He argues the property securing payment of this note is the entire asset of the trust property, and therefore, the terms of the note are unconditional.

We disagree. We read Section 3.105(a)(8) to mean that a note may be negotiable even though payment is limited to the assets of a particular partnership or trust estate if the *entire* assets of the partnership or trust estate, both presently owned and subsequently acquired, are subject to execution for its payment. This view is supported by the authorities cited by appellee. *Kitzer v. Kitzer,* 20 Ill.App.3d 54, 312 N.E.2d 699 (1974); *Charles Nelson Co. v. Morton,* 106 Cal.App. 144, 288 P. 845, 850–851 (1930).

Under this interpretation, the note in question does not qualify for several reasons. First, even if the evidence should establish that the property described in the deed of trust is now the only asset of the venture, or was at the time the note was signed, no property subsequently acquired by the venture, whether by sale of this property or otherwise, could be subjected to payment of the debt, according to the terms of the note. The joint venturers are entirely free to amend their agreement and acquire other property without subjecting it to execution, whether or not the property described is sufficient to satisfy the debt.

■ Second, the note does not show on its face that the property described in the deed of trust is the only property owned by the venture. That fact could only be established by extrinsic proof, which would not affect negotiability, since the unconditional character of the obligation must be determined from the terms of the note itself. *See* Tex.Bus. & Comm.Code Ann. § 3.105

(Tex. UCC), Purposes of Changes, (Vernon 1968). *See generally Continental National Bank of Fort Worth v. Conner,* 147 Tex. 218, 214 S.W.2d 928, 931 (1948).

Appellee's second motion for rehearing is overruled.